FRED C. VON ROSENBERG ET AL. V. HIRAM G. WICKES.

Decided April 29, 1908.

**Will—Executor—Delay in Qualification.**

A will naming an alternative executor, in case the one first selected failed to qualify within three months, is held not an absolute time limitation on the right of the first named to receive letters, and circumstances considered are held not to show such unreasonable delay in his probating the will and applying for letters as to defeat his right to appointment at a later time in preference to that of the alternate named.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Fred C. Von Rosenberg in pro. per.* and *James H. Robertson,* for appellant.—The terms upon which the appointment is made must be literally complied with, or the condition will be held not to be performed within the intent and meaning of the testator. Revised Statutes of Texas, arts. 1167 and 1174, and 271; Swinburn on Wills, p. 265; Redfield on Wills, 2d ed., vol. 3, p. 73, par. 16; 1 Williams on Executors, 3d Am. from 4th London ed., p. 205 (*206); also Vol. 2, p. 1088 (*1090); Wentworth on Executors, 14th London ed., p. 28; Jeffery v. Graham, 61 Texas, 481.

*George S. Walton,* for appellee.—Appellee did not forfeit his right to be appointed executor after the expiration of said period unless his failure or neglect to qualify was willful or grossly negligent. Revised Statutes, arts. 1854, 1856, 1857, 1885, 1889 and 1912; Stone v. Brown, 16 Texas, 428; In re Berry's Estate, 64 Atl. Rep., 136.

FISHER, CHIEF JUSTICE.—This is an appeal by appellants from a judgment of the District Court of Travis County, wherein was probated the will of D'Lacy B. Wickes, deceased, and wherein letters testamentary were granted appellee Hiram G. Wickes. Hiram G. Wickes filed his application in the Probate Court of Travis County for the probation of the will of D'Lacy G. Wickes, with the request that letters testamentary be issued to him. During the pendency of that proceeding the appellants, Von Rosenberg and Tucker, contested the application of Hiram G. Wickes for letters testamentary, and requested that letters be issued to Fred C. Von Rosenberg, which request was denied, hence this appeal. There is no objection raised to the judgment of the court probating the will, but the contest arises over who is entitled to letters testamentary. It is claimed by the appellants, that, although Hiram G. Wickes was named by the testator in his will as executor, the time had expired in which he was required to qualify under the terms of the will, and that the appellant, Fred C. Von Rosenberg, being also named as executor, he was the next in order that was entitled to be appointed, and that the court erred in refusing and declining to cause to be issued to him letters testamentary. The terms of the will out of which this contest grows, are as follows:

"First, I nominate, constitute and appoint either Hiram G. Wickes, Edward F. Huppertz, Newton S. Walton, George S. Walton or Fred

C. Von Rosenberg executor of this instrument in the manner as hereinafter stated, that is to say, the said Hiram G. Wickes, if alive at the time of my death, shall be the executor of this instrument; and in case he, the said Hiram G. Wickes, is not living at the time of my death, or shall die while acting as such executor, then the said Huppertz shall be such executor; and if the said Hiram G. Wickes and Edward F. Huppertz are dead at the time of my death, or said Huppertz shall die while acting as such executor, then the said Newton S. Walton shall be such executor; and if the said Hiram G. Wickes, Huppertz and Newton S. Walton are dead at the time of my death, or said Newton S. Walton shall die while acting as such executor, then the said George S. Walton shall be such executor; and should the said Hiram G. Wickes, Huppertz, Newton S. Walton and George S. Walton be not alive at the time of my death, or the said George S. Walton shall die while acting as such executor, then the said Fred C. Von Rosenberg shall be such executor; and in case of the failure to qualify and act of any one or more of those named who may become my executor, as aforesaid, within three months after my death, or within three months after the death or disqualification of their predecessors aforesaid, such failure to qualify and act shall operate the same as if the one or more of those named so failing, by death or otherwise, to qualify and act as such executor within such time were dead."

Said will had the following codicil: "In the event of the death of the said Hiram G. Wickes, I, the said D'Lacy B. Wickes, do hereby nominate and appoint the said Charles B. D. Wickes, as is the said Hiram G. Wickes, appointed executor thereof, the second person to become the executor of the foregoing will."

It appears from the evidence that D'Lacy B. Wickes, on April 24, 1892, executed the will in question, and on October 20, 1899, he made the codicil, as above set out. At the time he was a resident of Travis County, Texas. He died in Blanco County whilst temporarily there on a visit on July 4, 1906. At that time his brother, the appellee Hiram G. Wickes was in the State of Tennessee and had in his possession the will in question. The County Court of Travis County convened on the 2d day of July, 1906. On July 6, 1906, the appellee Hiram G. Wickes, from McMinnville, Tennessee, wrote to Charles Huppertz at Austin, Texas, a letter, enclosing the will in question, requesting him to proceed to have the will probated, and further, that if his presence should be required in Austin, to inform him of that fact. Again on July 10, 1906, he wrote to Huppertz from Tennessee, to the effect to avoid all possible delay in the probation of the will. This was followed by another letter from McMinnville of date July 14, 1906, in which he expressed the hope that the will would be probated at the August term, and further requested him to avoid delay in its probation. Huppertz received these letters and also the one enclosing the will in July, and about the 28th of July, 1906, he prepared and caused to be filed an application requesting the probation of the will. Huppertz during all of this time was deputy county clerk of Travis County, and was at the same time a licensed attorney, but he says that he was not engaged in the practice of law, and further testifies to the effect that what he did was as deputy clerk.

The will when received, and when the July application was made, was not filed, but it was deposited by Huppertz in the vault in the clerk's office. The will was received too late to be probated at the July term of the County Court, the next term of which convened in October. About the middle of September, 1906, the appellee Hiram G. Wickes, returned from the State of Tennessee, and discussed with Huppertz the subject of probating the will. It seems from the terms of the will that the property covered by it is in the State of Tennessee; and the evidence shows that Wickes obtained Huppertz's advice on the subject as to the proper place for the probation of the will, and it appears that he was advised by Huppertz that the will should be probated in the State of Tennessee, as the property was situated in that State. Acting upon this advice at that time he withdrew the will, and sent it to parties in Tennessee, with request that it be probated. There was a correspondence extending over some little time between him and the Tennessee parties who had possession of the will for the purpose of probating it there. Finally, in the spring of 1907, he received a letter from the attorney there to whom the will was entrusted, that it could not be probated in that State until first probated in this State. Thereupon the will was returned to him and he delivered the same to his attorney, who on June 6, 1907, prepared and caused to be filed his application for the probation of the will. That application when received by Mr. Huppertz as deputy clerk, was filed of date to correspond with the original application of July 28, 1906. In explanation of this Huppertz says that this was done because he supposed it supplied the old application, which had been lost, mislayed or destroyed, or in other words, he was not able to find it.

We have not set out all of the evidence bearing upon this question, but we have stated enough, in our opinion, to justify the conclusion that there was no intentional delay on the part of appellee Wickes in taking timely steps to have the will probated, and that the withdrawal of the will from the possession of the deputy clerk in September, 1906, was not with the intention and purpose to withdraw the application that had been prepared and filed and to abandon the same, but that the withdrawal of the will was merely for the purpose of having it first probated in the State of Tennessee, under the mistaken idea and belief that that was the State in which it should be first probated; that as soon as the mistake was discovered, appellee had the will returned and propounded it for probation in this State. In this connection it is well to say that if the appellee Hiram G. Wickes is not entitled to letters testamentary, then the appellant Fred C. Von Rosenberg stands next in line entitled to appointment.

The question is whether the provision requiring the qualification of the executor within three months after death of the testator should be literally construed and applied in determining appellee's right to letters; and also, if this rule as to time could be relaxed, then was he guilty of a want of diligence in the pursuit of his right to qualify?

Of course, it is conceded that the power of the testator to select the executor and impose conditions as to his qualification can not be arbitrarily controlled by the courts; and it is not questioned but that the appointing clause in a will is to be construed as other provisions, so

that the intention of the testator may be ascertained from what has been written. It is also a familiar rule, frequently applied, that a will will not be construed so as to impose impossible conditions, unless in. a case where the intention, from the language used, clearly and unmistakably requires this to be done; and the principle is of force that it may be assumed that the testator prepared his will in recognition and subordination of certain rules of law that govern the method of its execution and probation, and that relate to the issuance of letters testamentary. 30 Am. & Eng. Ency. Law (2d ed.), 667.

If the testator has prepared his will and selected his executor, and it is apparent from the terms of the instrument that it could be legally effective to this extent, it would be a rigid and harsh rule of construction to defeat the appointment, merely because the executor had not qualified within the time stated in the will, when he has properly, within that time, taken steps to probate the will in order that he might act in the capacity named.

The language of a will that would force such a construction should be very imperative; and, unless such was the case, the will should be construed in connection with those rules of law which relate to its probation and which, if observed, might delay the qualification of the executor. The testator in this case evidently selected appellee, his brother, as first in line of appointment; and intended, as shown by the terms of the will, to give him an opportunity to qualify as executor, and in mentioning the time in which this should be done, it was certainly not his intention to impose such restrictions, which if literally observed, would defeat the appointment he intended and which would run counter to certain rules of law which if observed would postpone the qualification to a time beyond that named by the executor.

The testator must have known that the law required the will to be probated before the appointment of the executor could become effective, and that proceedings in the County Court were required for this purpose, and that notice should be given and certain steps taken before the court could hear the case and by a decree probate the will. However diligent may have been the executor in propounding the will for probation, the testator must have known that unavoidable delays might occur, and that circumstances beyond the control of the one selected by him as executor, such as a failure of court during that time or a postponement or continuance, might make it impossible to probate the will within the time mentioned. To hold in such a case that the intention was that the provision stating the time for qualification of the executor should receive such a rigid construction as would leave out of account these delays, and that there should be required of the executor more than the exercise of reasonable diligence to probate the will under the rules as required by law, would be to impose practically an impossible condition, to which construction the courts will not be driven, unless the language of the will and the apparent intention of the testator imperatively demands it.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

We overrule appellants' motion for rehearing, but will comply with their request for additional findings of fact. We find that the regular terms of the County Court of Travis County were begun on the first Mondays in January, April, July and October, and continued until the business was disposed of; that there was not time to probate the will at the July term, 1906, but Huppertz wrote Wickes that he had plenty of time for the October term. The first Monday in July, being on the 2d day of July, 1906, the first Monday in October, 1906, was on October 1; that the County Court at the end of each term would set apart the days for probate business for the following term, and that Saturday of each week of the term was set apart for probate business; notwithstanding this setting the court frequently took up and transacted probate business on other days than Saturdays. That appellee returned to Austin from Tennessee about September 15, 1906.

Motion for rehearing overruled.

*Overruled.*

Writ of error refused.