James R. MELTON, Appellant,

v.

Lucile HAHNEL, Executrix of the Will and Estate of Rosa Melton, Deceased, Appellee.

No. 15773.

Court of Civil Appeals of Texas.

Dallas.

May 12, 1961.

Rehearing Denied June 16, 1961.

Joe A. Keith, Sherman, for appellant.

Gullett & Gullett, Denison, and Brame & Brame, Sherman, for appellee.

YOUNG, Justice.

Our opinion of date March 17, 1961 is withdrawn, the following being filed in its stead:

On appeal of probate proceedings from the County Court of Grayson County to the District Court by writ of certiorari, the latter had refused to set aside an order entered by the County Court undertaking to revoke appellant's appointment as Independent Executor of his mother's will; such order having been entered without notice to or knowledge of appellant and without affording him an opportunity to be present and be heard. The appeal is from this action of the District Court.

Rosa Melton, a resident of Grayson County, died there on February 12, 1957 leaving a will in which she appointed her son, the appellant, of Dallas County and her daughter, Mrs. Hahnel, of Grayson County, as independent executor and executrix thereof without bond. The will was duly probated on April 5, 1957, Mrs. Hahnel at once taking

and filing oath of office; the order of probate recognizing the willingness and qualification of appellant to serve, recites in part: "* * * and it further appearing to the Court that James R. Melton, the son of testatrix, and the said Lucile Hahnel, the daughter of testatrix, are named in, and appointed by, such will to act independently of the Court as independent executor and independent executrix, respectively, without bond for their due and legal performance of the duties as such, that both of them have expressed a willingness to accept the trust and to qualify according to law, that both of them are entitled to letters testamentary and are not disqualified and that they should be granted letters testamentary as independent executor and independent executrix, respectively." The will had contained the following recital: "Sixth: I hereby nominate, constitute and appoint my son, James R. Melton, and my daughter, Lucile Hahnel, as executor and executrix of this my last will and testament without bond or security for their due and legal performance of the duties as such; and it is my desire and I will and direct that no Court have any control over my said estate, further than to probate this will and to receive, file and have recorded an inventory and appraisement of my property. In the event of the death of either of said persons appointed executor and executrix, then the survivor shall have all the powers conferred upon both, *and in the event of the failure or refusal of either of them to qualify, then the one qualifying shall have all of the powers conferred upon both.*" (Emphasis ours.) James R. Melton had not executed and filed his oath of office within 20 days from date of probating of said will; and the County Court without notice and on April 29, 1957, entered an order revoking the appointment of Melton as independent executor, decreeing that all powers conferred upon him as such be withdrawn and cancelled; further adjudging that all powers of executor and executrix as directed in the will, be conferred upon appellee as sole independent executrix without bond; specifying that let-

ters testamentary be issued to her as such, and directing the Clerk not to issue any letters testamentary to appellant. The order (subject of this appeal) reads in part: "although more than twenty days have elapsed since the date of his appointment, the said James R. Melton has not filed any oath herein and has neglected to qualify as executor in the manner or within the time required by law, the Court is of the opinion, and so finds, that his appointment as such should be revoked and decedent's will providing for the executor or executrix qualifying to have all the power conferred upon both in the event of the failure or refusal of either of them to qualify, the Court is of the opinion, and so finds, that in accordance with the terms thereof all of the powers conferred upon both shall be exercised by the said Lucile Hahnel, the only one qualifying, and that letters testamentary should be issued to her as sole and independent executrix:

"It is therefore, ordered, adjudged and decreed by the Court that the appointment of the said James R. Melton as independent executor of said will and estate be, and the same is hereby, revoked, that all such powers, if any, as may have been conferred upon him by reason of such appointment be, and the same are hereby, withdrawn and cancelled, that all powers of executor and of executrix as directed in said will be, and the same are hereby, conferred upon the said Lucile Hahnel as sole and independent executrix of said will and estate without bond and the Clerk is directed not to issue any letters testamentary to the said James R. Melton but to issue letters testamentary to the said Lucile Hahnel as sole and independent executrix."

Following death of testatrix, considerable correspondence ensued between brother and sister, also between their attorneys, (Messrs. Brame & Brame, of Sherman for appellee, and Wm. Andress, Esq., of Dallas, for appellant) which need not be detailed. Initially some doubt was expressed in these writings as to whether appellant would be able to serve; he being sent an instrument of renunciation which was rejected, the exchange of letters then concerning the execution and filing of his oath of office; a form of which had been sent to Melton by attorneys for appellee on date of probate. After a delay occasioned in part by absence from city of attorney Andress, a duly executed oath of office, dated April 26, 1957, was sent by the latter to Brame & Brame on May 2, who then advised these adversary parties of the Court order of April 29, wherein .appellant's appointment as independent executor had been revoked. Appellant and counsel went to Sherman, being unable to see County Judge Dickson, but finding that his oath of office was not yet on file. On June 7, 1957 Mr. Andress wrote to Judge Dickson explaining the delay in filing oath of appellant as independent executor, discussing the prior order of April 29 entered without notice characterizing the same as void and requesting that it be set aside, which letter was not answered but filed among the papers in the case. In the meantime, appellant's oath as executor had been duly executed and filed in the office of County Clerk of date June 6.

On June 7, 1958 appellant filed motion to set aside the order of April 29, 1957, reiterating the grounds set forth in prior letter; and said motion being heard and denied, the proceedings were removed by certiorari to District Court which, upon a later trial, denied the application for certiorari, making findings of fact from which we quote in part: "15. James R. Melton at no time ever filed an inventory and appraisement or attempted to perform any of the duties of Executor of the Estate of Rosa Melton, Deceased, nor was any further action taken by Mr. Andress or Mr. Melton until after Mr. Melton was served on May 28, 1958, with the show cause citation hereinabove mentioned, following which he caused to be filed an instrument designated 'Amended Motion to Set Aside Order' as shown by the record herein." (The "Show Cause" citation just mentioned refers to appellee's account for final settlement and application for partition and

distribution of property of the Estate, filed in the Probate Court of Grayson County, and contested by appellant). The Court's conclusions of law were as follows: "1. Said *other* of April 29, 1957, was not taken under Section 220 of the Texas Probate Code [V.A.T.S.] which was applicable. I conclude, therefore, that said order of April 29, 1957 was improper. 2. However, because of the failure of James R. Melton to take any further action after the writing of Mr. Andress' letter of June 7, 1957, to the County Judge of Grayson County, Texas, until after James R. Melton was served with show cause citation on May 28, 1958, I further conclude that Mr. Melton has waived his right to have said order of April 29, 1957, set aside."

An inventory and appraisement of estate was filed by appellee as independent executrix on May 6, 1957; appraisers valuing the estate as slightly above $8,000.

The trial court has determined that the County Court order of April 29 was "improper"; appellant contending under his first point that same was void "because appellant became legally qualified as independent executor of his mother's will upon such will being admitted to probate, or, alternatively, became fully qualified by taking and subscribing the oath three days prior to the entry of said offending order, or, in the further alternative, became fully qualified by taking, subscribing and filing still another oath on June 6th, 1957."

█ Simply stated, the question thus posed is this: Has the Probate Court any statutory authority to revoke appellant's appointment by his mother as independent executor of her will on the sole ground that he has not filed an oath within the twenty days from date of the order admitting the will to probate? Clearly the answer is in the negative as demonstrated by uniform decisions of our appellate courts construing the statutes on independent administration now Sections 145 to 154, Probate Code. Sections 145 and 146 provide: § 145 "Any person capable of making a will may provide in his will that no other action shall be had in the County Court in relation to the settlement of this estate than the probating and recording of his will, and the return of an inventory, appraisement, and list of claims of his estate." § 146 "Independent executors shall observe all provisions of this Code relative to priority classification, and pro-rata payment of creditors' claims. *The provisions of this Code shall not apply to independent executors except where specifically made applicable thereto. Acts 1955.*" (Emphasis ours.) Save as indicated, the above and succeeding articles on independent administration have long been a part of our statutory law; consistently construed as follows: that "An independent executor is not required to take an oath of office and obtain letters testamentary before he is qualified to act. His qualification is complete upon probate of the will and his acceptance coupled with the filing of an inventory, appraisement, and list of claims, where required by law. There are statutory provisions calling for letters testamentary, oath of office, and bond. But these are regarded as general provisions having reference to a judicial administration under the direction of the will and do not control the special provisions relating to independent executorship." 14A Tex.Jur. § 315, p. 305. For cases in support of above text see Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, 956 (Sup. adopted. Judgment for mandamus set aside on other grounds); the principles there set forth being likewise controlling here: * * * "That an independent executor named in a will is qualified to act independently of the probate court from the time the will appointing him is admitted to probate; that it is not necessary for him to formally accept his duties as an independent executor; and that taking the oath as an independent executor is not a necessary prerequisite to the possession and exercise of his duties and responsibilities of his office. * * * After a will is admitted to probate it becomes the ministerial duty of the clerk of the county court to issue letters testamentary to the

person named as executor and the judge has no discretionary power to refuse to issue letters to such person unless he is a minor or insane. * * * The only statutory authority for removing an independent executor after the probate of a will is where he refuses to give bond when required by the probate court to do so upon the complaint of some interested person that he is wasting, mismanaging or misapplying the estate. * * * From the foregoing principles of law it is obvious that the relator became the qualified independent executor of the estate of the deceased the moment the will was probated. The court's action in refusing to so recognize him and ordering relator to turn the property of the estate over to the respondent Josie Birr, was tantamount to the removal of the relator from his testamentary office and substituting the court's administration of the estate for that of the independent executor. The question therefore arises as to whether the county court, under the facts of this case, was authorized to enter such an order. * * * It therefore follows that the only valid order shown to have been entered by the probate court was that admitting the will to probate and appointing the appraisers. Such court was clearly without jurisdiction to order the relator to cease to act as executor or to order the relator to turn over the property of the estate to the respondent, Josie Birr. That portion of the judgment of the probate court being invalid, the relator still retains his legal status as independent executor."

It follows from above statement of principles that the order of April 29, 1957 was void; appellant becoming entitled to letters testamentary from date of probate of his mother's will. In this connection, § 189, Probate Code, defines "to qualify" or "qualifying" as proof of acceptance of office by an executor. And if these words of the will in question have this statutory significance, then appellant was duly constituted independent executor on date of making and filing of oath on the later date,

i. e., June 6th, 1957. Journeay v. Shook, 105 Tex. 551, 152 S.W. 809, (writ ref.).

Appellee in counter-point 4 stresses Section 6 of the will, providing "in the event of the failure or refusal of either of them to qualify, then the one qualifying shall have all the powers conferred upon both." It is argued that the testatrix thereby *intended* that each of them should qualify by taking and subscribing the oath of the executor and the executrix respectively within *20 days* after the admission of the will to probate, and on the failure of the son to so qualify, testatrix *intended* that he have no authority to act as executor. See Von Rosenberg v. Wickes, 50 Tex.Civ.App. 455, 109 S.W. 968 (writ ref), where the will contained a similar provision; the same contention being made but rejected by the Austin Court. Furthermore, in the earlier Supreme Court case of Stone v. Brown, 16 Tex. 425, it was held that a delay in qualifying such as here involved did not constitute legal neglect or failure.

■ Appellee's fifth counter-point asserts that Melton has waived by acquiescence an right he may have had to set aside the order of April 29, 1957 revoking his appointment as independent executor without bond. We have already detailed the steps taken by appellant consistent with his right to serve as independent executor; and the contention now made is sufficiently refuted in his answer that "I didn't know of anything else to do" to the following question on cross-examination: "Outside of instructing your lawyer to write the judge a letter, did you do one thing in connection with this estate until May 28, 1958 when you were served with that citation by the sheriff of Dallas County?"

The conclusions above reached render unnecessary any further discussion of points or counter-points.

The cause is accordingly reversed and judgment here rendered establishing appellant Melton as duly qualified and acting

independent executor of the will of Rosa Melton, deceased; and the Clerk of the District Court is directed to certify our judgment to this effect to the Probate Court of Grayson County for observance.

Reversed and rendered with directions.