John T. GILMER, Appellant,

v.

Marjorie HARRIS et al., Indiv. and as Ind. Co-Executors of Estate of Mattie Kay, dec., Appellees.

No. 17150.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 13, 1970.

Jackson, Walker, Winstead, Cantwell & Miller, and Ralph E. Hartman and Douglas Adkins, Dallas, for appellant.

Jennings, Montgomery & Dies, and Frank Jennings, Graham, for appellees.

## OPINION

BREWSTER, Justice.

This case originated in the District Court of Young County, Texas, when John T. Gilmer filed a petition there against Marjorie Harris and Dorothy Gruby alleging that the County Court of Young County had admitted to probate the last will and first codicil of Mattie Kay, deceased, and had ordered that letters testamentary be granted to the plaintiff and to the two defendants as independent co-executors upon their taking the proper form of oath. He further alleged that the two defendants have not filed oaths that are in proper form and asked in the first paragraph of the petition that the two defendants be required to file oaths in proper form or that they be removed as co-executrixes.

In the prayer, Mr. Gilmer asked that the two defendants be required to file a proper form of executor's oath or that they be removed as independent co-executrixes of the estate and for general relief.

Prior to filing this case, Mr. Gilmer had filed a motion in the County Court of Young County in the case wherein the will of Mattie Kay had been admitted to probate. Such motion alleged that the two defendants here had filed oaths as independent executors that were not in the form required by law and asked that they be cited to appear and show cause why they should not be required to file new oaths in the form that applicant claimed they should be in. On hearing, the County Court ruled against Mr. Gilmer and he appealed to the District Court. The District Court sustained a summary judgment denying the relief sought by Mr.

Gilmer. That companion case was appealed to this Court and today we have handed down a decision affirming the judgment in that case. We have ordered that the opinion in that case not be published because of the similarity of the law questions there to the ones in this case.

Mr. Gilmer had apparently filed this original proceeding in the District Court, presenting to a large extent the same questions presented by the case that was started in the County Court, as a precautionary measure to insure that he got one of such cases into a court that had authority to decide the questions involved.

The facts were that Mattie Kay had died. She left a will and codicil that were admitted to probate by the County Court of Young County as her last will and testament. John T. Gilmer, appellant here, had filed the application to get such instruments admitted to probate. The order admitting such will and codicil to probate appointed the plaintiff, John T. Gilmer, and the two defendants, Marjorie Harris and Dorothy Gruby, as co-indeendent executor and executrixes of the estate of Mattie Kay. This same order provided: "IT IS FURTHER ORDERED that Letters Testamentary thereof be granted to the said Marjorie Harris, Dorothy Gruby and John T. Gilmer upon their taking the oath required by law."

Mrs. Kay's codicil that was admitted to probate provided: "I * * * appoint * * * JOHN T. GILMER, * * * MARJORIE HARRIS and * * * DOROTHY GRUBY, Independent Co-Executors without bond of my Last Will and Testament. * * * I direct that no action shall be had in the Probate Court respecting my estate other than the probate of my Will and Codicil to make, return and record an inventory and appraisement and list of claims. * * *"

On the day the trial court signed the order admitting the will to probate, both

Mrs. Marjorie Harris and Mrs. Dorothy Gruby filed oaths in the Mattie Kay estate case, which were each in the following form:

"NO. 3363

"ESTATE OF MATTIE KAY,      *      IN THE COUNTY COURT
     DECEASED                  *      OF YOUNG COUNTY,
                                         TEXAS

"OATH OF EXECUTOR

"I do solemnly swear that the writing which has been offered for probate is the last will of Mattie Kay, so far as I know or believe, and that I will well and truly perform all the duties of Executor of said will of the estate of Mattie Kay, deceased."

Both co-executrixes signed such oaths and each swore to them before a notary public.

In the trial court both plaintiff and defendants filed motions for summary judgment. That court denied Mr. Gilmer's motion, granted the motion for summary judgment filed by defendants, and rendered judgment denying the relief sought by Mr. Gilmer. Mr. Gilmer has appealed.

The trial court's judgment was correct for several separate and independent reasons.

1.

The summary judgment was proper because it was not even necessary for the two independent co-executrixes of the estate of Mattie Kay to file oaths in order to qualify to serve as independent executrixes of that estate. This point is well settled in Texas. See Secs. 145 to 153, Probate Code, V.A.T.S.; Melton v. Hahnel, 347 S.W.2d 350 (Dallas Tex.Civ.App., 1961, ref., n. r. e.); Pepper v. Walling, 195 S.W. 892 (Amarillo Tex.Civ.App., 1917, writ ref.); and Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954 (1944); 18 Tex. Jur.2d 168, § 174. Other cases making

the same holding can be found under Note 10 under Sec. 145, Probate Code, V.A.T.S.

Since no oath was required, if the one filed was defective or insufficient, it would be immaterial.

2.

■ Mr. Gilmer's contention in the case is that the oath filed by his two co-executrixes is defective and therefore not sufficient in that affiants do not swear that they would also well and truly perform all duties as executors of the codicil, as well as of the will, of the estate of Mattie Kay, deceased.

The oaths filed by the two defendants are in the identical form prescribed for executors' oaths by Sec. 190, Probate Code, V.A.T.S. We hold that the executors' oaths filed by the two defendants, same being in the form prescribed by Sec. 190, are legally sufficient oaths.

So even if the law does require Mrs. Harris and Mrs. Gruby to file oaths in the Mattie Kay estate in order to qualify as independent executrixes of such estate, they have complied with that requirement by filing the oaths which they have heretofore filed in that case.

3.

There is another reason why the oaths that the executrixes filed in this case are not legally insufficient as claimed by Mr. Gilmer.

The "last will and testament" or "will" of Mattie Kay, deceased, actually consisted in this case of her will and first codicil. When the executrixes swore that they would well and truly perform the duties of executor of the will of Mattie Kay, such oath of necessity included the codicil because it was a part of her will.

In Newsome v. Carpenter, 382 S.W.2d 350 at page 353 (Dallas Tex.Civ.App., 1964, ref., n. r. e.), the Court said: "Appellant contends that the words 'last will and testament' are not sufficient to give notice that both the will and codicil are to be offered for probate. This is not a valid objection in that the law is well settled that a properly executed codicil has the effect of validating and republishing the prior will so that the will and codicil will then be considered as one instrument speaking from the date of the codicil. Hinson v. Hinson, 154 Tex. 561, 280 S.W. 2d 731, 735; Everett v. Everett, Tex.Civ. App., 309 S.W.2d 893; and Wade v. Sherrod, Tex.Civ.App., 342 S.W.2d 17."

The following is from the opinion in Hinson v. Hinson, 280 S.W.2d 731 (Tex. Sup., 1955), at page 735:

"It is well settled, however, that a properly executed and valid codicil which contains a sufficient reference to a prior will, operates as a republication of the will in so far as it is not altered or revoked by the codicil; *the will and codicil are then to be regarded as one instrument speaking from the date of the codicil.* (Cites cases.)" (Emphasis ours.)

Section 3(ff), Probate Code, V.A.T.S., defines the word "Will" as including a codicil.

It is our belief that what we have heretofore said disposes of the questions raised by this appeal.

However, one allegation of the plaintiff's petition was: "That Defendants are disqualified under the Probate Code from serving as Independent Co-Executrixes of said Estate."

Since the only relief sought against defendants was to have them file new oaths in a form deemed by plaintiff to be legally sufficient, or to have them removed as independent executrixes, and for general relief, we believe the pleading about disqualification had reference to their alleged failure to file a sufficient oath.

But plaintiff's point 5 on this appeal is in substance that Mattie Kay, deceased is entitled to have her estate administered by independent executors who have not questioned the validity of the testamentary instruments under which they serve and who have not hired a lawyer to represent their interests against the estate. Plaintiff says that because of the rights of the estate of Mattie Kay, as just stated, the court erred in sustaining defendants' motion for summary judgment.

We have difficulty in telling for sure from the record if plaintiff is contending that at the hearing of the motion for summary judgment he showed that there was a fact issue as to whether or not defendants were disqualified to serve as independent co-executrixes of the estate of Mattie Kay, deceased, for reasons other than those relating to the form of oath that they filed.

If appellant is making such a contention, we hold that at the summary judgment hearing, as a matter of law, no fact issue was shown to exist on that question.

We will outline the whole of the evidence presented by the appellant at the summary judgment hearing that bears in any way on the issue of whether the two defendants are disqualified to serve as independent executrixes, other than that relating to the form of their oath.

(1) Plaintiff proved the form of oath that defendants actually made and filed in the case; (2) Mr. Gilmer presented his

affidavit stating that Mrs. Marjorie Harris told him that she and Mrs. Gruby would not sign the application to probate the last will and first codicil of Mattie Kay "because of Aunt Matt's mental condition"; (3) The defendants' lawyer told Mr. Gilmer that since the death of Mattie Kay's husband her mental condition had greatly deteriorated; (4) Defendants' lawyer told Mr. Gilmer that he had no interest in handling the Mattie Kay estate if he could work out on behalf of his clients a fair redistribution of the gift program of Mattie Kay, deceased, that had taken place between 1962 and her death in 1969; (5) Defendants' lawyer told one Don Lassiter and plaintiff's lawyer that he was just using the Mattie Kay estate to get information with which to evaluate his clients' claim against John Gilmer (as to whether Mr. Gilmer exercised undue influence over Mrs. Kay, the decedent, in connection with gifts she made to him totalling over $1,250,000 during the period from 1962 to her death in 1969); (6) At a County Court hearing defendants' lawyer stated that his clients have reason to believe that grounds exist with which an attack could be made on the validity of the codicil; (7) Defendants' lawyer wrote Gilmer asking for a delay in applying for the probate of the will and codicil.

The plaintiff, Gilmer, alone filed the application to probate the will and first codicil and he procured the order from the County Judge appointing him, Mrs. Gruby and Mrs. Harris as independent co-executor and co-executrixes of the estate.

■ All that these facts tend to indicate is that the two defendants probably contemplate bringing suit for Mrs. Kay's estate against Mr. John Gilmer, who happens to be their co-independent executor of Mrs. Kay's estate, to set aside a claimed $1,250,000 worth of gifts made by Mrs. Kay to Mr. John Gilmer during the period between her husband's death in 1962 and the time of her death in 1969, on the grounds either that Mrs. Kay did not have sufficient mental capacity to make a valid gift during that interval, or on the grounds that such gifts resulted from undue influence practiced upon her. Nothing in the record in any way indicates that the two defendants are in any way acting in bad faith.

■ We hold it to be the duty of an independent executor of a decedent's estate to not only gather up and take possession of the assets of the decedent's estate, but to also bring and prosecute all causes of action for recovery of the estate's assets that they in good faith believe exist. Included in these duties would of course be the duty to gather any and all evidence that would support the estate's claim.

The court in Walling v. Hubbard, 389 S.W.2d 581 at page 590 (Houston, Tex. Civ.App., 1965, dism. n. r. e.), says: "The independent executor has the same responsibilities and duties with reference to the estate as does the executor under the direction of the probate court."

Section 233, Probate Code, V.A.T.S., provides: "Every personal representative of an estate shall use ordinary diligence to collect all claims and debts due the estate and to recover possession of all property of the estate to which its owners have claim or title, provided there is a reasonable prospect of collecting such claims or of recovering such property."

Such conduct is not in conflict with the defendants' position as independent executrixes of Mrs. Kay's estate, as claimed by plaintiff. It is true that a recovery by the estate in a case such as the one mentioned would incidentally benefit the two defendants personally. Such a recovery would become a part of the residuary estate of Mrs. Kay, of which estate each defendant would get ½ under the provisions of both the will and the

codicil. This fact does not in any way tend to make either defendant disqualified to serve as an independent executrix of the estate.

■ The fact that a person is asserting a claim against an estate and the fact that he is also claiming certain rights for himself and children under the will in no way disqualifies such person from serving as an executor of such estate. The fact that a person has an interest in an estate is not a disqualification. Boyles v. Gresham, 158 Tex. 158, 309 S.W.2d 50 (1958) and Betts v. Betts, 395 S.W.2d 673 (Amarillo, Tex.Civ.App., 1965, no writ hist.).

We hold that as a matter of law the facts presented to the court at the summary judgment hearing did not raise a fact issue on the question of whether or not either of the defendants is disqualified to serve as an independent executrix of Mrs. Kay's estate.

We believe that all questions that this court decided and that the trial court decided in passing on this case were pure law questions and that a summary judgment was therefore proper.

It was not necessary for us to and we made no effort to pass on the question of the authority or jurisdiction of a district court to determine the question of whether an independent executor's oath is in proper form, whether or not an independent executor is even required to file an oath in order to qualify, and whether or not an independent executor is for some other reason disqualified to serve.

What we hold here is that even if the district court does have the authority or jurisdiction to determine the answers to such questions, as is contended here by plaintiff, that the judgment rendered by the trial court is of necessity the one the district court would have to render under the facts of this case.

The judgment is affirmed.