Jeri Collette DOPPS, Appellant,

v.

Bruce Eugene DOPPS, Appellee.

No. 1966.

Court of Appeals of Texas, Corpus Christi.

May 27, 1982.

E. R. Fleuriet, Wiley, Hale & Fleuriet, Harlingen, for appellant.

Jack Skaggs, Skaggs & Huddleston, Jeffrey L. Jackson, Harlingen, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from the appointment by the County Court of Cameron County of Bruce Dopps as guardian of the estates of his three grandchildren; Richard, Camille and Cari. The appellant is Jeri Collette Dopps, mother of the children. She brings forth three points of error. We affirm.

The tragic events which gave rise to this proceeding are as follows. Until February 27, 1980, Richard and Collette Dopps and their three children resided in the home they owned in Cameron County. That evening, Richard Dopps was killed. He died intestate. Approximately one week later, Collette Dopps was arrested for the murder of her husband. When she was released on bond, she brought the children to Houston to stay with an aunt and then returned to Cameron County to await her trial. By the end of March, Collette decided to send the children to live with her parents in South Dakota. The children have lived in South Dakota with their maternal grandparents, the Duncans (not parties to the instant suit), since that time.

When Bruce Dopps heard of Collette's involvement in his son's death, he called an attorney to institute guardianship proceedings. On behalf of the children, he filed a wrongful death action against Collette in Cameron County and a petition with the

County Court to be appointed temporary guardian of their estates. On April 24, 1980, the court granted his request. Collette Dopps filed a motion opposing the appointment on April 29, 1980. On May 13, 1980, the Duncans filed a motion in the Circuit Court of South Dakota for appointment as the guardians of the persons and estates of their daughter's children, which that court granted.

In October of 1980, Collette Dopps was convicted of voluntary manslaughter and sentenced to serve 20 years in prison. On May 5, 1981, the County Court of Cameron County held a hearing on Mr. Dopps' application for permanent guardianship of the childrens' estates in Texas and Collette's motion to remove him as guardian.

At the hearing, Mr. Dopps testified that he is 68 years-old and lives in Wichita, Kansas. He described his efforts to care for the estate including paying the bills and an attempt to sell assets and preparation of tax returns. Mr. Dopps stated that his purpose in seeking the guardianship was to preserve the property for the children. On cross-examination, Mr. Dopps admitted that he entered into a contingent fee arrangement with his attorney, which authorizes the attorney to retain one-third of any amount collected on behalf of the grandchildren in the wrongful death action and from his son's life insurance proceeds. The policies name Collette as primary beneficiary and the children as contingent beneficiaries. Bruce Dopps explained that he anticipated difficulty in collecting the life insurance proceeds for the children because of the possibility of litigation. Mr. Dopps also testified that besides the half interest in the house in Cameron County, which the children will inherit from their father's estate and the life insurance proceeds, the remaining assets in the children's estates are some stocks and social security benefits, which are now being paid to the Duncans for the support of the children. The record contains no evidence of any part of the children's estates in a county in Texas other than Cameron County.

Also testifying at the Probate Court hearing was Edwin Fleuriet, Mrs. Dopps' attorney in this matter. He suggested the appointment of Bob Jordan, a friend of Collette's as guardian, but the County Court entered an order appointing Mr. Dopps permanent guardian of the children's estates.

In her brief, in "no evidence" and "insufficient evidence" points of error, appellant first attacks the trial court's finding that it had jurisdiction of the case. In disposing of these points, we follow the well established standards set forth in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965), and *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Subject matter jurisdiction over probate matters including the appointment of guardians is vested in the County Court by Tex.Const.Art. V, § 16. Appellant does not dispute subject matter jurisdiction but apparently argues that the County Court of Cameron County lacks jurisdiction over the property involved here.

In that regard, the appellant urges in her brief that this suit properly belongs in the South Dakota courts. We note, however, that jurisdiction attaches upon the filing of suit. *Hughes v. Atlantic Refining Co.*, 424 S.W.2d 622 (Tex.1968). Once jurisdiction is lawfully and properly acquired, no subsequent fact or event may defeat it. *Flynt v. Garcia*, 587 S.W.2d 109, 110 (Tex.1979). When through an exercise of discretion they deem it proper, Texas courts may recognize *prior* proceedings in other states as a matter of comity. *Ex parte Jabara*, 556 S.W.2d 592, 596 (Tex.Civ. App.—Dallas 1977, no writ). In this case the prior proceeding occurred in Texas, therefore, there was no need to consider deferring to the South Dakota court as a matter of comity.

The appellant admits in her brief that the children have an interest in the house in Cameron County, because Tex.Prob.Code Ann. § 45 (Vernon 1980) provides that children are entitled to half of the community property upon the death of one spouse. That interest vested in the children as the heirs at law of Richard Dopps by the law of

**726**

descent and distribution. See *Haile v. Holtzclaw*, 414 S.W.2d 916, 924 (Tex.1967); *Anderson v. Anderson*, 535 S.W.2d 943, 947 (Tex.Civ.App.—Waco 1976, no writ).

■ If we were to accept appellant's argument that the County Court of Cameron County lacked jurisdiction to appoint a guardian, there would be no court in Texas which could appoint a guardian to care for the children's property within this state. This position is contrary to authority which holds that the state of Texas has the power to control the property of non-resident minors situated within its borders through guardians appointed for their estates. *Henderson v. Shell Oil Co.*, 146 Tex. 467, 208 S.W.2d 863, 865 (1948), cert. denied, 335 U.S. 884, 69 S.Ct. 233, 93 L.Ed. 423 (1948). Thus, the trial court had jurisdiction. The first point of error is overruled.

The second and third points of error challenge the finding by the trial court that the appointment of the appellee as guardian was in the best interest of the children. Appellant points to Mr. Dopps' execution of a contingent fee agreement authorizing his attorney to retain one-third of the life insurance proceeds collected as evidence that Mr. Dopps' appointment was not in the best interests of the children. She brings to this court's attention the filing of an interpleader by Prudential in Federal District Court in South Dakota admitting responsibility to pay the children and argues that there was no need to enter an agreement for recovery of this fund. Since the insurance company did not admit this liability until after the hearing on Mr. Dopps' appointment as guardian, we do not consider it. We may only look at those facts presented to the County Court to determine whether that court erred.

■ Tex.Prob.Code Ann. § 233 (Vernon 1980), authorizes representatives of estates to enter contingent fee contracts to recover claims that they in good faith believe exist. *Gilmer v. Harris*, 460 S.W.2d 215, 219 (Tex. Civ.App.—Fort Worth 1970, no writ). Tex. Ins.Code Ann.Art. 21.23 (Vernon 1981) provides that the interest of a beneficiary be forfeited when the beneficiary willfully

brings about the death of the insured. The statute further provides that, in such cases, the nearest relative shall receive the insurance proceeds. Tex.Prob.Code Ann. § 41(d) (Vernon 1980) provides that beneficiaries of life insurance policies, who are convicted and sentenced in willfully bringing about the death of insureds, forfeit their interests in the insurance proceeds. In *Bounds v. Caudle*, 560 S.W.2d 925 (Tex.1978), the Supreme Court considered the effect of a conviction of negligent homicide upon a beneficiary's attempt to collect insurance. The surviving spouse argued that a conviction for negligent homicide implied that the killing was committed without intent and that the forfeiture statutes should not have applied. The Supreme Court held that the judgment in the criminal case was not binding upon the court in the civil proceeding. *Bounds v. Caudle*, supra at 928.

■ In the case before us, there was no conviction of willful killing at the time Mr. Dopps entered the agreement with his attorney. At the time it would have been reasonable to anticipate a contest for the proceeds between Mrs. Dopps as primary beneficiary and the children as contingent beneficiaries and nearest relatives. As *Bounds* makes clear, the forfeiture rules are not automatic. The representative of the children's estate may have found it necessary to bring a civil action to collect the insurance proceeds and in so doing would have been permitted to make a reasonable arrangement for the payment of attorney's fees. Of course, by the date of the hearing on the guardianship appointment, Mrs. Dopps had been convicted of voluntary manslaughter and it was rather clear that the forfeiture provision would operate. Notwithstanding the reasonableness and good faith of the agreement when Mr. Dopps entered into it, if as an automatic result of making the appointment, the County Court had caused the children's estates to lose one-third of the insurance proceeds needlessly, its finding that the appointment is in the best interest of the children would be unsupported. But, before any attorney's fees are actually paid,

the guardian must obtain the approval of the court after producing proof that the fees were reasonable and were necessarily incurred. Tex.Prob.Code Ann. § 242 (Vernon 1980). Thus, the appointment of Mr. Dopps did not automatically cause the loss of one-third of the life insurance proceeds to the childrens' estates. The trial court's finding that the appointment of Mr. Dopps as guardian is in the best interest of the children is supported by some evidence and by sufficient evidence. Appellant's second and third points are overruled.

The judgment of the trial court is affirmed.