

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00334-CV
_____

**LAQUITA HEWITT, INDEPENDENT EXECUTRIX OF THE ESTATE OF MICHAEL LYNN HEWITT, APPELLANT**

**V.**

**NOCONA HOSPITAL DISTRICT D/B/A ADVANCED REHABILITATION AND HEALTHCARE OF BOWIE, APPELLEE**

On Appeal from the 97th District Court
Montague County, Texas[1]
Trial Court No. 24-169-DCCV-0198, Honorable Trish C. Byars, Presiding

April 30, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Laquita Hewitt, Independent Executrix of the Estate of Michael Lynn

Hewitt, files this restricted appeal from the trial court's judgment in favor of Appellee,

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE § 73.001. We apply the Second Court's precedent to the extent it conflicts with our own. *See* TEX. R. APP. P. 41.3.

Nocona Hospital District d/b/a Advanced Rehabilitation and Healthcare of Bowie ("Nocona"). We reverse and remand.

## BACKGROUND

Edna Sadler had a son, Michael Hewitt, and a granddaughter, Shasta Hewitt. Shasta's mother is Laquita Hewitt, the independent executrix of Michael's estate. Edna also adopted a grandson, William Hewitt. William is married to Marcie Hewitt.

On June 15, 2022, Edna conveyed certain property to Michael and Shasta, as their sole and separate property, by gift deed. That property was Edna's homestead and her only significant asset. Less than a year later, Edna became a resident at Nocona. She accrued debt from services rendered there that Medicaid refused to pay, allegedly due to the conveyance of her home by gift deed the prior year.

Michael passed away on May 11, 2023. On May 12, 2023, Edna appointed William and Marcie as her agent through a statutory durable power of attorney document. On October 20, 2024, Marcie, acting as Edna's agent, signed a revocation of gift deed pertaining to the property previously conveyed to Michael and Shasta.

On December 9, 2024, Nocona filed a petition to declare the gift deed void, arguing Edna lacked contractual capacity and was unduly influenced to sign the gift deed. Nocona also argued the conveyance was a fraudulent transfer as the home was an asset that prevented Medicaid benefits until the value of the asset was paid by the estate. It asserted that because the estate was insolvent, Nocona had been defrauded. The petition named Shasta and the estate of Michael as defendants, noting no administrator had yet been appointed. It also named Edna as a defendant in the body of the petition

2

but requested no service to her attorney ad litem at that time. Laquita was not named a party and consequently, did not appear.[2]

On March 17, 2025, attorneys for Edna,[3] Shasta, Laquita,[4] and Nocona signed a Rule 11 Agreement. That agreement claimed to affect three cases: (1) the fraudulent transfer suit brought by Nocona, (2) the guardianship of Edna, and (3) the probate proceeding concerning Michael's will. By that agreement, the parties allegedly agreed, in part, to sign a judgment declaring the gift deed void. The trial court found the deed void pursuant to that agreement and entered an order dated March 21, 2025, to that effect.[5]

On April 22, 2025, Michael's will was admitted to probate.[6] As part of those proceedings, Laquita was granted letters testamentary[7] and appointed as independent executrix of his estate. On June 9, 2025, Shasta and Laquita filed a motion with accompanying affidavits to set aside the March 2025 agreed judgment, arguing they did not agree to the Rule 11 agreement or the judgment voiding the gift deed. Through that motion, they argued there was a misunderstanding and that Laquita had not yet been

---

[2] Additionally, no heirs, known or unknown, were made parties to the action. This appears to have violated Rule 39 requiring joinder of parties needed for just adjudication. *See* TEX. R. CIV. P. 39.

[3] Edna was appointed an attorney ad litem who participated in this matter on her behalf. This came about when Nocona filed an application for guardianship for Edna. It appears no guardian was ever appointed.

[4] The document contains this notation for Laquita, "individually and as personal representative of the Estate of Michael Lynn Hewitt, pending . . . Represented by Attorney Tom Key."

[5] Nocona is involved in this matter because it claims Edna owed money to the hospital for nursing home services.

[6] The record shows Nocona challenged Laquita's suitability for appointment.

[7] The letters testamentary were issued on September 12, 2025.

3

appointed independent executrix and therefore, lacked the authority and capacity to agree to anything on behalf of Michael's estate at that time. Lastly, they contended the Rule 11 agreement was reached during a mediation of which they were unaware and may have not taken place.

On September 12, 2025, Laquita filed a notice of restricted appeal.

## ANALYSIS

Laquita seeks reversal of the trial court's judgment. She raises several issues in an effort to secure such a reversal. Nocona claims Laquita has failed to satisfy the requisites to bring this restricted appeal.

Standard of Review and Applicable Law

Rule 30 governs restricted appeals. *See* TEX. R. APP. P. 30. To prevail on a restricted appeal, the filing party must show that: (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). The first three requirements are jurisdictional; the fourth is not. *Ex parte E.H.*, 602 S.W.3d 486 (Tex. 2020).

As to the fourth requirement, an appellate court is limited to considering only the face of the record, which includes all papers on file in the appeal, but its scope of review

4

is otherwise the same as that in an ordinary appeal. *Joseph v. Joseph*, No. 05-24-01058-CV, 2025 Tex. App. LEXIS 7665, at *3–5 (Tex. App.—Dallas Oct. 2, 2025, no pet.) (mem. op.) (citing *Tex. Dep't of Pub. Safety v. Foster*, 398 S.W.3d 887, 890 (Tex. App.—Dallas 2013, no pet.) (citing *Tex. Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.)). Accordingly, we review the entire record. *Joseph*, 2025 Tex. App. LEXIS 7665, at *4 (citing *Jacobs*, 250 S.W.3d at 210); *HSM Kilgore S/C Ltd. v. Ouyang Qing Yan*, No. 05-24-00852-CR, 2025 Tex. App. LEXIS 3915, at *5 (Tex. App.—Dallas June 10, 2025, no pet.) (mem. op.).

Application of Law to Facts

Nocona concedes Laquita has satisfied the first two requirements. Therefore, we address only the remaining two.

As to the third requirement, i.e., that Laquita did not participate in the hearing or proceeding that resulted in the judgment complained of, we find the record shows that Laquita, individually, participated below. Her attorney, on Laquita's behalf, asked the court to sign the agreed judgment based on the signed Rule 11 agreement.[8] Therefore, Laquita, individually, did not satisfy the third requirement.

The inquiry is more complicated when it comes to Laquita as independent executrix of Michael's estate. Laquita had not yet been appointed independent executrix

---

[8] We do acknowledge Laquita did not file any timely post-judgment motions in either capacity. Her motion to set aside the judgment was filed 80 days after the judgment was signed. A timely post-judgment motion must be filed within 30 days of the judgment signed by the trial court. *See* TEX. R. APP. P. 26.1. The trial court was without plenary power to act on this motion. We note also Laquita states she is not relying on "anything in the record filed after March 21, 2025, in support of her 'face of the record' analysis . . .".

of Michael's estate at the time the attorney who was representing her individually below acted on her behalf before the trial court. And, Nocona challenged her appointment, alleging she was unsuitable to serve as executrix. Michael's will was not admitted into probate until after the Rule 11 agreement and agreed judgment were signed. While an independent executor named in a will may act independently of the probate court from the time the will appointing them is admitted to probate, they cannot so act prior to that time. *Melton v. Hahnel*, 347 S.W.2d 350, 353 (Tex. App.—Dallas 1961, writ ref'd n.r.e.); *see also Moore v. Johnson*, 143 S.W.3d 339, 342–44 (Tex. App.—Dallas 2004, no pet.). We find, therefore, that Laquita, as independent executrix of Michael's estate did not participate in the proceeding that led to the complained-of judgment. The third requirement is therefore satisfied.

Finding the third requirement satisfied as to Laquita in her capacity as independent executrix of Michael's estate, we find this Court has jurisdiction to consider the merits of the appeal under the fourth requirement.

Concerning the fourth requirement, i.e., error on the face of the record, we agree with Nocona that Laquita, individually, cannot complain on appeal of the trial court's error in doing what was asked of it by her attorney. However, as with the third requirement, the inquiry is more complex regarding the validity of the judgment below as it pertains to Laquita in her capacity as independent executrix of Michael's estate.

Laquita argues the judgment is void because Nocona lacked standing to set aside the gift deed, lacked standing to challenge Edna's capacity to make the conveyance, and because Nocona failed to join all necessary parties to the action.

6

Subject-matter jurisdiction is fundamental, essential to a court's power to decide a case, cannot be waived, and may be raised at any time. *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324, 331 (Tex. 2020). Whether subject-matter jurisdiction exists is a question of law we review de novo. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam). Standing is a prerequisite to subject-matter jurisdiction. *Teal Trading & Dev., LP*, 593 S.W.3d at 331. A plaintiff has standing to sue when "pleaded facts state a 'concrete and particularized, actual or imminent, not hypothetical' injury." *Id.* Next, there must be a causal connection between the injury and the complained-of conduct. *In re Abbott*, 601 S.W.3d 802, 808 (Tex. 2020). Finally, it must be likely that the injury will be "redressed by a favorable decision." *Id.* If a plaintiff lacks standing to assert its claims, the court lacks jurisdiction and must dismiss the whole action for want of jurisdiction. *Heckman v. Williamson County*, 369 S.W.3d 137, 150–51 (Tex. 2012).

The Texas Uniform Fraudulent Transfer Act ("TUFTA") addresses transfers of assets that are fraudulent as to present or future creditors. *See* TEX. BUS. & COM. CODE §§ 24.005; 24.006. The act declares that any "transfer" "is fraudulent as to a creditor . . . if the debtor made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor." *Id*. at § 24.005(a)(1). An "asset" is defined as the property of the debtor but does not include "property to the extent it is generally exempt under nonbankruptcy law." TEX. BUS. & COM. CODE § 24.002(2)(B). A debtor's homestead is properly exempt from seizure. *See* TEX. PROP. CODE § 41.001(a). It is undisputed that the property conveyed by Edna to Michael and Shasta was her homestead. Therefore,

7

the transfer was not a violation of TUFTA. *Duran v. Henderson*, 71 S.W.3d 833, 842–43 (Tex. App.—Texarkana 2002, pet. denied).

Because the conveyance of Edna's home could not constitute a fraudulent transfer under TUFTA, any injury sustained by Nocona could not be "redressed by a favorable decision" of the trial court. Therefore, Nocona lacked standing to bring its claims as set forth in its petition and the trial court did not have subject-matter jurisdiction over this matter. *See Teal Trading & Dev., L.P.*, 593 S.W.3d at 331.

Attorney's Fees

Lastly, Laquita argues this matter should be remanded for the purpose of providing to the trial court the opportunity to determine whether it is equitable and just to award to her attorney's fees incurred in bringing this appeal. She notes that while Nocona and Shasta waived their rights to attorney's fees in the fraudulent transfer suit, she did not.

She likens the posture of this case to those brought under the Uniform Declaratory Judgment Act ("UDJA"). She claims the language of TUFTA that "the court may award costs and reasonable attorney's fees as are equitable and just," TEX. BUS. & COM CODE § 24.013, is nearly identical to the language used in the UDJA attorney's fees provision that provides "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009. And, because lack of subject-matter jurisdiction in UDJA cases does not preclude a trial court's authority to award attorney's fees, *Devon Energy Prod. Co., L.P. v. KCS Res., LLC*, 450 S.W.3d 203, 223 (Tex. App.—Houston [14th Dist.] 2014, pet. denied), she argues it should not preclude them here.

8

We agree and remand for the trial court to determine whether Laquita in her capacity as independent executrix for Michael's estate is entitled to attorney's fees and costs arising from this appeal.  *Id.*

## CONCLUSION

Having found the trial court lacked subject-matter jurisdiction in this matter, we vacate the judgment entered on March 21, 2025, and remand for a determination as to attorney's fees.  *See Diocese of Lubbock v. Guerrero*, 624 S.W.3d 563, 564 (Tex. 2021) ("If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause.").


Alex Yarbrough
Justice

9