## U. C. Boyles v. Arch V. Gresham

No. A-6393. Decided January 8, 1958.
Rehearing overruled February 12, 1958.
(309 S.W. 2d Series 50)

*Saner, Jack, Sallinger & Nichols, W. H. Jack* and *H. Louis Nichols,* all of Dallas, for petitioner.

The Court of Civil Appeals erred in concluding the trial court

was in error in appointing Boyles independent executor because there is no evidence that Boyles is not qualified to serve as independent executor as provided in the will. Haynes v. Clanton, 257 S.W. 2d 789.

*J. C. Muse, Jr.,* and *Ralph W. Currie,* both of Dallas for respondent.

MR. JUSTICE GREENHILL delivered the opinion of the Court.

Section 78 of the Texas Probate Code, Vernon's Texas Civ. Stat., provides that no person may serve as executor or administrator of an estate who, among other things, is a minor, an incompetent, an alien, a felon "or a person whom the Court finds to be unsuitable."

In his will, Lon Gresham named U. C. Boyles to be independent executor of his will and estate. Gresham having died, his will was admitted to probate, and a contest arose as to Boyles' suitability.[1] Boyles, in good faith, asserted a claim against the estate and also certain rights for himself and his sons under the will. The question is whether such claims render the named independent executor "unsuitable." We hold as a matter of law that they do not disqualify him.

In the prorceedings discussed below, the trial court entered a judgment finding Boyles to be suitable and awarding him letters testamentary. That judgment was reversed by the Court of Civil Appeals because of Boyles' "adverse interest" as reflected in the findings and conclusions of the trial court. 301 S.W. 2d 685. This Court granted a writ of error upon the point that there was no evidence that Boyles was not qualified; i.e., that there was no evidence that he was not a "suitable person" within the meaning of our statutes. We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

Lon Gresham's will states that he had no relatives. But Arch Gresham, whom the jury found to be Lon Gresham's son, contested Boyles' suitability to serve as independent executor. The undisputed evidence from disinterested sources showed that Boyles and his wife had been kind to Lon Greshman in his old

---

1.—This Court, on a former appeal, held that Lon Gresham's will did not make a devise or bequest of his property but was entitled to probate for the purpose of naming an executor. Boyles v. Gresham, 153 Texas 106, 263 S.W. 2d 935 (1954). The will is set out in that opinion.

age; that Gresham had "adopted them" and loved them. They had cared for him in his illness and had been a family to him.

There was no evidence that Boyles was hostile to the heirs of Lon Gresham. Boyles testified that he did not know the son, Arch Gresham.

Arch Gresham put on no witnesses to attack Boyles' character, integrity, or ability. The undisputed evidence was that Boyles was an able business man of unquestioned integrity. His reputation was good in all respects. On cross examination, however, Boyles admitted that he thought Lon Gresham owed him something, at least a part of the estate, apparently for his care of Gresham in his declining years. Boyles had not attempted to estimate the exact amount.

Boyles also admitted that he had believed that the cash in an envelope marked "boys" was intended by the testator to go to his (Boyles') sons under the will. Boyles did not claim that the money, or any property of the estate, belonged to him or his boys. He had contended in a former trial, upon advice of counsel, that the money should go to his boys. And he testified on this trial that he had not changed his mind. The money was in the custody of R. A. Walker, temporary administrator. Walker testified that Boyles had never claimed the money.

Boyles also testified that he had certain (unexpressed) ideas as to how the testator wanted his property disposed of, including an assertion that Lon Gresham wanted at least a part of it to go to himself, Boyles, because of what Boyles had done for Gresham.

But Boyles repeatedly testified that he intended to administer the will under the advice of his counsel and the directions of the court. He was not a lawyer, and he did not know what he could or could not do under the will. He testified that, "I suppose the court would tell me what I can do, and * * * I would carry out the instructions of the Court on the will and the law and advice of my counsel." "It would be entirely up to the court what I can do." He unequivocally swore that if appointed he would faithfully perform the duties of the office.

After hearing the above and other evidence of a similar nature, the trial court entered a judgment finding Boyles to be a suitable person and confirming his appointment by the testator. Counsel for Arch Gresham requested the court to make findings

of fact and conclusions of law. Considerably after the time allowed by Rule 297, Texas Rules of Civil Procedure,[2] the trial court entered findings and conclusions which are set out in the opinion below on pages 687 to 689 of 301 S.W. 2d. No point of error is made regarding the tardiness of these findings and conclusions. In view of our disposition of the case, no holding is expressed thereon.

The findings of fact are that Boyles claimed an interest in the estate; that he claimed that the estate or at least a part of it went to him as beneficiary and that it should be used to pay for his services to Gresham; that Boyles had contended that the money in the deposit box marked "boys" was intended for Boyles' sons; and that Boyles' personal interest was so adverse to the estate that his appointment as a trustee would prejudice the rights of the estate and those entitled to it.

The conclusions of law are that by reason of his adverse interest, Boyles "is an unsuitable person to serve as independent executor * * *." The trial court concluded, however, that Boyles' interest was not sufficient to deny him letters testamentary since the Probate Code provides for the giving of a bond even where no bond is required under the will.

Counsel for the contestant, Arch Gresham, summarized his position while in the trial court as follows: "This applicant [Boyles] is not entitled to be [appointed] unless he can say 'I don't have any personal interest in this estate and I claim none.'"

Before the effective date of the Probate Code, it was firmly established in Texas that a testator had wide latitude in the appointment of his independent executor. If the person named as independent executor was of sound mind and twenty-one years of age, he was entitled to letters. Interest was no disqualification. *Journeay* v. *Shook*, (1913), 105 Texas 551, 152 S.W. 809. See comment 33 Texas Law Rev. 95 at 106.

■ The power and right of a testator to select his own independent executor had become well fixed in the Texas law. The authority to select such a person of one's own choosing, whether such person had an interest in the estate or not, was generally

2.—Judgment was entered on May 12. The motion for new trial was overruled by operation of law on July 19. Request for findings was filed on August 20, and the findings and conclusions were made on September 12, 1956.

recognized by lawyers and non-lawyers alike. The question then arises whether the Legislature in enacting Section 78(g) intended to change the law drastically in order to allow the court to disqualify a named independent executor simply because he or she has an interest in the estate or is asserting a claim against it.

We find no such intention, expressed or implied, in the Probate Code. Indeed the section just preceding Section 78 lists those persons entitled to letters of administration in an order of preference. Section 77 says that letters shall be granted to persons in the following order:

a. The person named in the will

b. The surviving husband or wife

c. The principal devisee or legatee

d. Any devisee or legatee

e. The next of kin

f. A creditor

g. A person of good character residing in the county

h. Any *other person not disqualified*

The principal consideration under Section 77 is that the party to be selected should have an interest in the estate. Indeed, the larger the interest, the higher the priority for the right to be selected. Following the person named in the will and the surviving spouse (who normally has a substantial interest in the estate), the person next entitled to letters is "the principal devisee." Then follow other devisees, next of kin, and, in turn, a creditor. The creditor's interest is necessarily antagonistic to the distributees, to the estate, and, perhaps, to other creditors. Then finally comes a [disinterested] "person of good character" and any *other* person not disqualified. The completely disinterested person of good character is last in the order.

It would be contradictory indeed for the Legislature to say in one section that a surviving spouse, a principal devisee, or a creditor should have a preference to be appointed, and in another to say that if the applicant for letters has an interest in

the estate, the trial judge may on that ground refuse to appoint him as an unsuitable person. We think the Legislature had no such intention.

The appraisers of an estate must be "disinterested persons." Section 181. No such express requirement is made for executors.

The disqualification of "a person whom the court finds unsuitable" is taken from "The Model Probate Code" of 1945, Section 96(b) (6). Our research discloses that only one other state, Arkansas, has adopted this part of the Model Code. Ark. Acts 1949, No. 140, Sec. 70, p. 304; Art. 62 — 2201b, Ark. Stat. Ann. (Supp. 1956). That Act has not yet been construed on the point here involved.

The Model Code differs substantially from the Texas Code in that it does not give preference to the appointment of principal devisees or legatees or to creditors. Nor does it provide for independent executors.

Neither the Model Code nor the Texas Probate Code purports to define "unsuitable," and we shall not attempt here to define it. Our holding is, however, that as a matter of law, an independent executor named in a will is not unsuitable simply by virtue of his having a claim against the estate which he asserts in good faith or because, on advice of counsel, he claims as a beneficiary, or as trustee, under the will.

We do not have before us a situation in which a named executor claims adversely, as his own, property which is owned, claimed or should be claimed, by the estate. For example, conceivably the testator may own or claim to own a building, and he may make a certain disposition of it to a third party. The named executor may also claim it as his own, regardless of, or in spite of, the will and estate of the testator. These assumed facts are not before us.

In the case before us Boyles did not claim any of Gresham's property as his own. His claim, if any, was not adverse to the estate but was under the will or by virtue of a claim as creditor of the estate. Indeed the personal interest of Boyles under the will of Gresham was fairly well circumscribed in the previous opinion of this Court. See Note 1, supra.

The Legislature has made provision for the protection of the estate and the heirs. Even though the will directs that no bond

164

be required, the Probate Code authorizes the court to require a bond of the independent executor if he is mismanaging the property, *"or has betrayed or is about to betray his trust."* Section 149.

Counsel for Boyles contends that the disqualifications listed in Section 78 of the Probate Code are not applicable to independent executors because, at the time of trial, it was provided in Section 146 that "The provisions of this Code shall not apply to independent executors except where specifically made applicable thereto." It is then pointed out that Section 78 refers only to "executors and administrators," * * * and does not specifically mention "independent executors."[3] In view of our disposition of the case and the amendment of the statute, it is not necessary to decide that question; and we do not pass thereon. Some problems which would be raised by such a holding, however, are set out in an article by M. K. Woodward on "Independent Administration Under the New Texas Probate Code," 34 Texas Law Review 687.

We think the trial court was correct in holding that Boyles was not an unsuitable person.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered January 8, 1958.

Rehearing overruled February 12, 1958.

---

3.—Sections 145 and 146 were amended in 1957. See Acts 55th Leg., Ch. 31 at page 56.