### In re ESTATE OF George T. ROOTS, Deceased.

#### No. 9098.

Court of Civil Appeals of Texas, Amarillo.

Feb. 27, 1980.

Rehearing Denied March 26, 1980.

Culton, Morgan, Britain & White, L. A. White, Amarillo, for appellant.

Gibson, Ochsner & Adkins, Sterling E. Kinney, Amarillo, for appellee.

REYNOLDS, Chief Justice.

The trial court rendered summary judgment admitting a last will and testament to probate and decreeing that letters testamentary be issued to the appointed independent executors, one of whom is a bank. This limited appeal addresses the sole question whether summary judgment proof that the bank intends to charge an exorbitant and unconscionable fee presents an unresolved issue of fact as to the qualification of the bank to serve as co-executor, thereby precluding summary judgment. We determine that as a matter of law, proof of an intent to charge excessive compensation does not disqualify an independent executor appointed in a will. Affirmed.

By his last will and testament, George T. Roots, deceased, provided for the independent administration of his estate, and appointed The First National Bank of Amarillo and his wife, Gladys Arnold Roots, as joint independent executors and trustees of the trusts created by his will. Roots further provided that if his wife were unable to act for any reason, his daughter, Betty Lou Deckard, shall act in her stead and, if both his wife and daughter were unable to act for any reason, the bank shall act as sole independent executor and trustee. Roots specified that no bond shall be required of any of his named executors and trustees.

After Roots died, his surviving wife and daughter, his primary beneficiaries, applied to the county court for probate of his last will and testament. The applicants pleaded that the bank "is entirely qualified to act as Executor and Trustee" and "neither . . . is disqualified by law from accepting Letters Testamentary," but has been requested to resign and has agreed to do so. Upon this premise, the applicants requested that upon the filing of the bank's declination, the Amarillo National Bank be appointed as successor independent executor without bond in place of the bank.

Answering, the bank acknowledged a suggestion that it not accept the testator's

appointment, but stated it had not agreed to the suggestion. Declaring that no adequate reason or justification had been given for its refusal to accept the appointment, the bank prayed that the will be admitted to probate and that the bank and Mrs. Roots be granted letters as joint independent executors.

In reply, the applicants reiterated an agreement that the bank not accept its appointment and averred that the bank is estopped to now seek the appointment. The applicants then alleged that the bank is disqualified from acting as either executor or trustee for the reason the bank intends to charge for serving a fee or fees which, under all the circumstances existing or to exist, is exorbitant, unreasonable and prejudicial to the estate, the trusts and the beneficiaries.

Upon the applicants' motion, the cause was ordered transferred to a district court of the county for further proceedings. Tex. Prob.Code Ann. § 5(b) (Vernon Supp.1980). The bank then moved the district court for summary judgment. Reciting its testamentary appointment, the bank asserted that no reason recognized in law has been alleged for disqualifying it to act as executor. The motion was accompanied by an affidavit of the bank's senior vice president and trust officer, who affirmed facts in support of the allegations contained in the motion.

The applicants responded to the summary judgment motion. They pleaded that because the bank intends to charge for serving as executor a fee or fees which, under all the circumstances existing, is exorbitant and unreasonable and is prejudicial to the estate and the devisees thereof, a contested question of fact regarding the bank's qualification to serve as executor comes within the determination contemplated by subdivision (f) of section 78, Probate Code of Texas. The referenced Code provision reads:

§ 78. Persons Disqualified to Serve as Executor or Administrator

No person is qualified to serve as an executor or administrator who is:

\*  \*  \*  \*  \*  \*

(f) A person whom the court finds unsuitable.

Tex.Prob.Code Ann. § 78(f) (Vernon Supp. 1980).[1] The response of applicants was accompanied by the affidavit made by the husband of Mary Lou Deckard. He vowed that he was informed the minimum fee to be charged by the bank as executor would be, according to the trust officer, $14,800 or 2% of the gross estate, whichever is greater, or, according to the bank's president, a sum equal to 2% of the gross estate. The affiant, after detailing a limited role required of the bank as executor, said that, based upon his extensive experience as a businessman and knowledge of the affairs of the estate, the bank's proposed minimum fee to serve as executor is exorbitant and unconscionable.

After notice and hearing, the court granted the bank's motion for summary judgment. Rendering judgment, the court decreed that the decedent's will is admitted to probate and that letters testamentary be issued to the bank and Mrs. Roots as joint independent executors without bond. The court further ordered the probate matter transferred to county court for further proceedings.

Appealing, the applicants narrow the appellate determination to whether there exists an issuable fact as to the qualification of the bank to serve as an independent executor. Parenthetically, it may be mentioned that applicants' affidavit, which does not reveal the gross fair market value of the estate, does not conclusively establish excessive compensation; but, by accepting the truth of the statements, the affidavit does create the factual issue whether the bank intends to charge an excessive fee. So, as the appeal is postured, the appellate determination depends, in turn, on the resolution of this question: does proof of the bank's intent to charge excessive compensation constitute a ground for the court to find that the appointed independent executor is "unsuitable" within the meaning of

1. References hereafter to sections are to the sections of the Texas Probate Code.

Section 78(f)?[2] Our view of the law compels a negative answer.

At least since 1848, the independent administration of an estate has been firmly fixed in Texas law. *Roy v. Whitaker*, 92 Tex. 346, 48 S.W. 892, 894 (1898), *modified on other grounds*, 49 S.W. 367 (1899). Equally established has been the right and the power of a testator to select the independent executor of his choice, *Boyles v. Gresham*, 158 Tex. 158, 309 S.W.2d 50, 53 (1958), and to denominate the amount of his compensation or permit it to be the amount set by statute. *Stanley v. Henderson*, 139 Tex. 160, 162 S.W.2d 95, 97 (1942). Because the testator was vested with absolute power to select his own independent executor and the court had nothing to do with the appointment, *Higginbotham v. Alexander Trust Estate*, 129 S.W.2d 352, 357 (Tex.Civ.App.—Eastland 1939, writ ref'd), the independent executor was qualified to act when the will appointing him was admitted to probate, and no discretionary power existed to deny the grant of letters testamentary unless the appointee was a minor or insane. *Cocke v. Smith*, 142 Tex. 396, 179 S.W.2d 954, 956, *judgmt set aside w. o. j.*, 179 S.W.2d 958 (1944).

In this climate of independent administration, the Texas Probate Code was enacted effective 1 January 1956 and independent administration was incorporated at Section 145 *et seq.*[3] A prior numbered Section 77 provided, and as amended provides, that

Letters testamentary or of administration shall be granted to persons who are qualified to act, in the following order:

(a) To the person named as executor in the will of the deceased.

\* \* \* \* \* \*

A subsequent section, Section 241(a), since amended, provides the formula for the compensation executors and administrators shall be entitled to receive.[4] The intent of the formula is to provide a fair and reasonable compensation, although it has been noted that in many instances a clear and workable schedule of fees or a set formula is impossible. *See, e. g.*, Sewell & Nimmons, *The Executor's and Administrator's Statutory Compensation in Texas*, 3 St. Mary's L.J. 1 (1971).

Within the same enactment is Section 78 which declares, in its last version, that no person is qualified to serve as an executor who is, among others, "(f) A person whom the court finds unsuitable." However, the legislature did not express, by definition or otherwise, its comprehension of its term "unsuitable." Therefore, the inquiry be-

---

**2.** Here, the bank does not raise a contention of the nonapplicability of Section 78 to independent executors as was done in *Boyles v. Gresham*, 158 Tex. 158, 309 S.W.2d 50, 54 (1958). There, it was contended that Section 78, which refers only to executors and administrators, was not applicable to independent executors inasmuch as Section 146 specifies: "The provisions of this Code shall not apply to independent executors except where specifically made applicable thereto." It was not necessary to decide that question in *Boyles* and, likewise, it is not necessary to pass on the question in this appeal. *But see generally*, Tex.Prob.Code Ann. § 146, comment (Vernon 1956).

**3.** Some of these sections have been amended, extensively so in some instances, in respects not material to the issue posed on appeal. Tex. Prob.Code Ann. § 145 *et seq.* (Vernon Supp. 1980).

**4.** As amended, Section 241(a), entitled *Compensation of Executors and Administrators*, now reads: "Executors and administrators shall be entitled to receive, and may retain in their hands, a commission of five per cent (5%) on all sums they may actually receive in cash, and the same per cent on all sums they may actually pay out in cash, in the administration of the estate; provided, no commission shall be allowed for receiving cash belonging to the testator or intestate which was on hand or on deposit to his credit in a bank at the time of his death, nor for paying out cash to the heirs or legatees as such; provided, further, however, that in no event shall the executor or administrator be entitled in the aggregate to more than five per cent (5%) of the gross fair market value of the estate subject to administration. If the executor or administrator manages a farm, ranch, factory, or other business of the estate, or if the compensation as calculated above is unreasonably low, the court may allow him reasonable compensation for his services. For this purpose, the county court shall have jurisdiction to receive, consider, and act on applications from independent executors."

comes whether the legislature intended by this enactment to digress from the time-honored principles so as to permit the court to disqualify an appointed independent executor on the ground that the compensation intended to be charged is excessive.

Prior to the enactment of the Texas Probate Code, no authority suggested that the qualification of a named independent executor depended upon the amount of his compensation, and no intention to permit the disqualification of a named independent executor because he intends to charge an excessive fee is evident in the Code. Indeed, in enacting the Code, the legislature has evinced the intent to honor the previously established principles respecting independent executors. Recognized is the engrained right of a testator to appoint an independent executor by the provision for priority in the grant of letters testamentary to the executor named in the will. Section 77. Moreover, the legislature has acknowledged the entitlement of an independent executor to compensation, specifically sanctioning his right to apply for reasonable compensation in excess of that provided by statute. Section 241(a).

In this connection, the legislature has not overlooked protection for the estate and persons interested in the estate. Under proper circumstances, the independent executor may be required to give bond, Section 149, to render an accounting, Section 149A, and to distribute the estate. Section 149B. Inherent in an accounting is the prerogative to question the independent executor's compensation, *see, e. g., Walling v. Hubbard,* 389 S.W.2d 581 (Tex.Civ.App.—Houston 1965, writ dism'd), and there is nothing in the Code which changes the right to challenge the compensation charged by an independent executor. *See, e. g., Humane Soc. of Austin & Travis Cty. v. Austin Nat. Bk.,* 517 S.W.2d 323 (Tex.Civ.App.—Beaumont 1974), *aff'd,* 531 S.W.2d 574 (Tex.1975), *cert. denied,* 425 U.S. 976, 96 S.Ct. 2177, 48 L.Ed.2d 800 (1976).

In brief, the Code does not change the established concept that the amount of an independent executor's compensation has relation to his service, but not to his qualification to serve. We determine, therefore, that as a matter of law the court is not empowered to hold an independent executor named in a will is unsuitable merely because the compensation intended to be charged for serving is excessive.

Accordingly, the judgment of the trial court is affirmed.