Milton M. MONSON, Jr. and Darlene Monson, Relators,

v.

Honorable A.G. BETANCOURT, Judge of the County Court at Law No. 2 of Cameron County, Texas, Respondent.

No. 13–91–509–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 3, 1991.

B.R. Dossett, Johnson & Davis, Harlingen, for Relators.

Before NYE, C.J., and SEERDEN and BISSETT,[1] JJ.

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1989).

## OPINION

SEERDEN, Justice.

In this original proceeding, relators, Milton M. Monson, Jr., and his sister Darlene Monson, ask this court to compel respondent, the Honorable A.G. Betancourt, to appoint Milton Monson, Jr., as co-executor of his father's estate. We agree that the trial court had no discretion to refuse the appointment under the circumstances of this case. We conditionally grant the writ.

The record reflects that Milton Monson's will was admitted to probate on June 6, 1991. The testator named both relators as co-independent executors of the will. In accordance with the will, the relators made application to probate the will. Evidence admitted at the hearing showed that both relators were qualified persons to serve as executors. There was no objection by either relator to the appointment of the other. At the conclusion of the hearing, the trial court appointed Darlene Monson as executor and refused to appoint Milton Monson, Jr. The court reasoned that it was unnecessary to have both appointed and claimed that because Milton Monson, Jr., was not physically present in the courtroom, he should not be appointed. Milton Monson, Jr. subsequently filed an appointment of registered agent with the court and requested a reconsideration of the trial court's ruling. The trial court still refused to appoint Milton Monson, Jr.

 The Texas Probate Code provides that letters testamentary or of administration *shall* be granted to persons who are qualified to act. The first among those named to act as executor of an estate in the Probate Code is the person named as executor in the will of the deceased. Tex. Prob.Code Ann. § 77(a) (Vernon 1980). The Code also provides that the singular number includes the plural and the plural number includes the singular. Tex.Prob. Code Ann. § 3(gg) (Vernon 1980). Texas case law is firmly established that the testator has the right and power to select the independent executor of his choice. *Boyles v. Gresham*, 158 Tex. 158, 309 S.W.2d 50, 53 (1958); *In re Estate of Roots*, 596 S.W.2d 240, 243 (Tex.Civ.App.—Amarillo 1980, no writ). Persons disqualified to serve as executor include: a minor, an incompetent, a convicted felon, a non-resident of the state who has not appointed a resident agent for service, a corporation not authorized to act as a fiduciary in this state, or a person whom the court finds unsuitable. Tex.Prob.Code Ann. § 78 (Vernon 1980). When an applicant is among those named in the Probate Code as entitled to priority, the burden is on the opposing party to establish the applicant's disqualification. *Powell v. Powell*, 604 S.W.2d 491, 493 (Tex.Civ.App.—Dallas 1980, no writ).

In this case, the only possible grounds for disqualification could have been non-residency or a finding by the trial court that Milton Monson, Jr. was otherwise unsuitable. He cured the non-residency problem by naming a resident agent for service. There was no evidence before the trial court for a determination that relator was otherwise unsuitable. In fact, all evidence admitted showed that he was qualified to serve and there was absolutely no opposition to his appointment.

We hold that in this case the trial court clearly erred in failing to appoint Milton Monson, Jr., as co-executor of the estate of his father. The Probate Code mandates that letters testamentary or of administration shall be granted to qualified persons named in the will. There was no evidence before the trial court to permit it to do otherwise. We trust that the trial court will abide by our ruling. Mandamus will issue only in the event it refuses to do so.