### Angelita OLGUIN, Appellant,

v.

### Harold JUNGMAN, Independent Executor of the Estate of Maria S. Flores, Deceased, Appellee.

No. 04–95–00576–CV.

Court of Appeals of Texas, San Antonio.

May 8, 1996.

Rehearing Overruled June 28, 1996.

---

J. Anthony Guajardo, Sr., San Antonio, Matthew S. Muller, Houston, for appellant.

Daniel C. Morales, Attorney General of Texas, Austin, John E. Baake, III, The Law Offices of John E. Bakke, III, S. Jeffrey Gately, J. Stephen Weakley, Duncan, Ulman, Weakley, Glass & Bressler, Inc., Richard E. Goldsmith, Matthews & Branscomb, P.C., San Antonio, for appellee.

Before LÓPEZ, STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

Angelita Olguin, as beneficiary of the will of Maria S. Flores, deceased, brings this interlocutory appeal challenging the appoint-

ment of Harold Jungman as independent executor of the estate of Maria S. Flores, deceased. Olguin contends the trial court abused its discretion by (1) appointing Jungman as executor of the estate, (2) failing to require Jungman to post bond, and (3) failing to preclude John E. Bakke, III, from representing the executor of the Flores estate.

The will of Dr. Robbie S. Brunner named Maria S. Flores as a beneficiary and created a testamentary trust from which Flores was to receive a life income. Flores named Angelita Olguin as her primary beneficiary. The Brunner and Flores wills, both drafted by Bakke, named Harold Jungman, an accountant, to serve as independent executor. Also, the Brunner will named Jungman trustee of the Brunner Trust.

The Brunner Trust is an Internal Revenue Service sanctioned section 643 Charitable Remainder Trust. As trustee, Jungman was required, under the trust and the Internal Revenue Code ("IRC"), to make periodic payments to Maria S. Flores during her lifetime. The Trust and IRC specified the mode of calculating those payments.

Brunner died in October 1991 and Flores died in March 1995. After Flores' death, Jungman, acting in his capacity as independent executor of the Flores will, sought the return of an automobile bequeathed to Olguin by Flores for the purpose of liquidation to pay debts of the estate. Thinking the estate should be liquid enough to pay its debts without selling the car, Olguin questioned Jungman's calculation of the amounts paid to Flores by the Trust. This led to Olguin's assertion of conflict of interest and her challenge of the trial court's order granting Jungman letters testamentary as Flores' independent executor.

■ Point of error one asserts the trial court abused its discretion by failing to find Jungman "unsuitable" to serve as executor of the Flores estate. Particularly, Olguin contends that the trial court has the discretion to prevent an "unsuitable" person from serv-

ing as executor under section 78(e) of the Probate Code.[1] Olguin maintains that Jungman is incapable of properly fulfilling the responsibilities imposed on him in his multiple fiduciary capacities, alleging a conflict of interest exists between Jungman, executor of the Flores estate, and Jungman, trustee of the Brunner Trust. Jungman argues, however, that section 78 does not apply to him because it has no applicability to the appointment of an independent executor. Jungman strives to distinguish the authority offered by Olguin applying section 78, reasoning that none of the cases cited by Olguin deal with the disqualification of an independent executor. We are not persuaded.

In *Boyles v. Gresham*, the supreme court reversed the appeals court and affirmed the district court's conclusion regarding a person's "suitability" to serve as independent executor. *Boyles v. Gresham*, 158 Tex. 158, 309 S.W.2d 50, 54 (1958). For our purposes, what the supreme court concluded is not as important as the fact that it engaged in an analysis regarding the "suitability" of an individual named in a will to serve as independent executor. *See Boyles v. Gresham*, 309 S.W.2d at 53–54. Other courts have also applied section 78 to assess the suitability of an individual named in a will to serve as an independent executor. *See, e.g., Monson v. Betancourt*, 818 S.W.2d 499, 500 (Tex.App.— Corpus Christi 1991, no writ) (discussing qualifications of co-independent executor named in will based on criteria in TEX.PROB. CODE ANN. § 78); *In re Estate of Roots*, 596 S.W.2d 240, 244 (Tex.Civ.App.—Amarillo 1980, no writ) (examining "unsuitability" under § 78 before concluding that "court is not empowered to hold an independent executor named in a will is unsuitable merely because the compensation intended to be charged for serving is excessive."); *Alford v. Alford*, 601 S.W.2d 408, 410 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ) (applying section 78 to qualification of an independent executor).

---

1. Section 78 of the Probate Code outlines reasons for which a person is disqualified from serving as an executor stating that:
   [n]o person is qualified to serve as an executor or administrator who is: . . .

(e) A person whom the court finds unsuitable. TEX.PROB.CODE ANN. § 78(e) (Vernon Supp.1996).

■ Alternatively, Jungman argues that even if section 78 is deemed to apply to independent executors, he is not "unsuitable" because of any conflict of interest. Jungman insists that no actual conflict exists in the case at hand. He instead characterizes the dispute simply as a difference in interpretation of how monies were allocated between principal and income, ultimately impacting the amount paid by the Trust to Flores. Jungman distinguishes the authority Olguin offers noting that all the cited cases address instances where actual conflicts existed because adverse claims had been asserted to the exclusion of the estate. Further, Jungman discounts the existence of a conflict of interest, pointing to his promise to promptly remedy any underpayment if one is determined to exist.

■ No comprehensive, discrete explanation exists delineating the attributes which make someone unsuitable. *Boyles v. Gresham,* 309 S.W.2d at 53. However, a variety of cases provide guidance. We know that an individual claiming under the will or asserting a claim against the estate is not unsuitable merely by virtue of that assertion. *Boyles v. Gresham,* 309 S.W.2d at 52. However, an administrator was disqualified as unsuitable when the bank in which he owned stock claimed certain of the estate's assets as its own property. *See Haynes v. Clanton,* 257 S.W.2d 789, 792 (Tex.Civ.App.—El Paso 1953, writ dism'd by agr.). Also, an individual was disqualified from serving as administrator of the estates of a husband and wife both asserting adverse claims to insurance proceeds. *See Hitt v. Dumitrov,* 598 S.W.2d 355, 356 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Again, a surviving spouse was found unsuitable because she claimed property of the husband's estate as community property. *See Ayala v. Martinez,* 883 S.W.2d 270, 272 (Tex.App.—Corpus Christi 1994, writ denied); *see also Formby v. Bradley,* 695 S.W.2d 782, 784–85 (Tex.App.—Tyler 1985, writ ref'd n.r.e.) (conflict between survivor's community interest and decedent's separate property interest). Further, charging or intending to charge excess compensation for serving as executor does not bear upon an individual's suitability to serve. *See In re Estate of Roots,* 596 S.W.2d at 244.

The common theme to be gleaned from these cases indicates that a person asserting a claim against property, claiming it as their own to the exclusion of the estate, is deemed unsuitable because of the conflict, whereas an individual making a claim within the probate process (i.e. person claiming under the will or attempting to collect a debt from the estate) is not.

■ The trial court is granted broad discretion in determining whether an individual is "suitable" to serve as an executor or administrator. *Kay v. Sandler,* 704 S.W.2d 430, 433 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). In order to prove the trial court abused its discretion, Olguin must show that "the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). That is, to be an abuse of discretion the act must be shown to be arbitrary or unreasonable. *Id.* at 242. It is of no consequence that this, or any other court, would decide the issue differently so long as the matter to be decided is within the discretion of the trial court. *Id.* Here, because the party applying for appointment as independent executor is one named in the Probate Code as having priority, the burden is on the party opposing the application to demonstrate the applicant's disqualification. *Monson v. Betancourt,* 818 S.W.2d at 500.

In the instant case, the trial court, as trier of fact, heard testimony regarding the conflict of interest alleged by Olguin. After hearing such testimony, and argument of counsel, the trial court appointed Harold Jungman independent executor, concluding, by inference, that Jungman is not unsuitable. Olguin has not carried her burden to demonstrate that the court's finding was an abuse of discretion. As stated earlier, simply presenting a record which might allow a different conclusion than that reached by the trial court does not render the trial court's decision an abuse of discretion. Point of error one is overruled.

■ Point of error two asserts that the trial court abused its discretion by failing to require a bond from Jungman. However, Olguin presents no authority to support this contention.

Under certain circumstances an independent executor appointed by will to serve without bond may, nevertheless, be required to post bond. Tex.Prob.Code Ann. § 149 (Vernon 1980); *In re Estate of Roots*, 596 S.W.2d at 244. However, absent findings of fact and conclusions of law to the contrary, it must be presumed that the trial court found that such circumstances do not exist in this case. And, Olguin has presented nothing to demonstrate the trial court abused its discretion in so finding. Point of error two is overruled.

■ Olguin's third point of error complains the trial court abused its discretion by refusing to disqualify Bakke as attorney for Jungman as executor of the Flores estate. Olguin maintains that Bakke as counsel to Jungman, executor of the Brunner estate, and Jungman, trustee of the Brunner Trust, would be a material witness and possible defendant in any suit by Olguin to recover supposed underpayments by the Brunner Trust to Flores and should, therefore, be disqualified.

■ Normally, an attorney should not serve as both counsel and witness in the same proceeding; the dual roles provide the potential for conflict with the client's interests. *See United Pacific Ins. Co. v. Zardenetta*, 661 S.W.2d 244, 247–48 (Tex.App.—San Antonio 1983, orig. proceeding). However, before disqualification is mandatory, the testimony of the lawyer must be required for the movant's defense and prejudicial to the interests of the testifying attorney's client. *Stocking v. Biery*, 677 S.W.2d 792, 794 (Tex. App.—San Antonio 1984, orig. proceeding). Merely announcing the intent to call opposing counsel as a witness is insufficient to demand disqualification. *United Pacific Ins. Co. v. Zardenetta*, 661 S.W.2d at 248.

Under the facts and circumstances of this case, we hold that the trial court did not abuse its discretion in failing to order disqualification. Olguin's third point of error is overruled.

The order of the trial court is affirmed.