Affirmed in Part, Reversed and Rendered in Part, and Dismissed in Part,
and Opinion filed July 1, 2008








 

Affirmed
in Part, Reversed and Rendered in Part, and Dismissed in Part, and Opinion filed July 1, 2008.

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00257-CV

____________

 

IN THE ESTATE OF MARGARET LYNN
GAINES, DECEASED

 

 



 

On Appeal from the County
Court of Law No. 1

Brazoria County, Texas

Trial Court Cause No. PR029188

 



 

O P I N I O N

Appellants, Veronica Davis and Gelene Gaines, appeal from
the trial court=s orders (1) disqualifying Davis from
serving as the independent executor of Margaret Lynn Gaines=s estate (Athe Estate@), (2) requiring
Davis to turn over estate funds to the court=s registry, (3)
denying Davis=s Motion to Compel / Motion for Contempt, (4) granting
Prosperity Bank (Athe Bank@) attorney=s fees, and (5)
denying Davis=s claims for money against the Estate. 








In eight issues, appellants argue (1) the trial court
improperly disqualified Davis from serving as the independent executor because
no motion to disqualify or opposition was filed, (2) the trial court erred in
requiring Davis to turn over funds, (3) the trial court erred in denying Davis=s Motion to Compel
/ Motion for Contempt, (4) the trial court erred in awarding the Bank attorney=s fees, and (5)
the trial court erred in denying Davis=s claims
for money against the Estate.  We affirm in part, reverse and render in part,
and dismiss in part.

Factual and Procedural Background

Margaret Lynn Gaines died on July 28, 2003.  Gaines left a
valid, written will which named Veronica Davis the independent executor of the
Estate and Darrell Green, Gaines=s brother, the
trustee of a testamentary trust.  The will also named Green and his wife the
guardians of Gaines=s children.  Davis did not submit an
application to probate Gaines=s will for over three years after Gaines=s death.

On October 11, 2006, two of Gaines=s children
attempted to access bank account records at the Bank because they believed
Green was misappropriating their money.  The Bank advised the children the
information could not be disclosed without a subpoena.  In response, Davis
submitted an application to probate Gaines=s will on October
13, 2006.  On November 9, 2006, before the will was probated, Davis obtained a
subpoena duces tecum on behalf of the Estate ordering the custodian of records
at the Bank to produce bank statements and records to the trial court by
November 30, 2006.  The records requested were for bank accounts held in the
name of Green and his wife for the benefit of the three Gaines children.  The
subpoena was served on the Bank on November 17, 2006.








The Bank did not produce the records by November 30;
however, on December 7, 2006, Green filed a Motion to Quash the Subpoena Duces
Tecum and Motion for Protection.  Green, as the account holder, argued Davis
failed to comply with section 59.006 of the Texas Finance Code, which is the
exclusive method for compelling discovery of records of a financial
institution.  See Tex. Fin. Code Ann. ' 59.006 (Vernon
Supp. 2007).  The following day, on December 8, 2006, Davis filed a Motion to
Compel / Motion for Contempt arguing the Bank failed to comply with the
subpoena by the compliance date.  In her motion, Davis requested that the trial
court compel the production of the documents, hold the Bank in contempt for
disobeying the subpoena, demand production of the records for in camera
inspection, sanction the Bank, and award costs, attorney fees, and any other
equitable relief.  The Bank responded to the motion arguing the subpoena failed
to comply with the requirements of section 59.006 of the Finance Code.  See
id.  According to the Bank, the subpoena required production of the
records prior to the expiration of twenty-four days from the date of service,
the requesting party failed to pay the reasonable costs for producing the
records, and the requesting party failed to obtain written consent to release
the records from the account owner.  See id. ' 59.006(b)(1)B(2), (c)(1)B(3). 

On December 19, 2006, the trial court held a hearing on
Green=s Motion to Quash
Subpoena Duces Tecum and Motion for Protection, Davis=s Motion to Compel
/ Motion for Contempt, and Davis=s application to
probate Gaines=s will.  Ultimately, the trial court granted Green=s Motion to Quash
and denied Davis=s Motion to Compel / Motion for Contempt
because the trial court determined Davis issued the subpoena without first
being qualified as the independent executor of the Estate and because Davis
failed to comply with section 59.006 of the Finance Code.  The trial court also
ordered Davis to pay the Bank its reasonable and necessary attorney=s fees and
research charges.  In addition, the trial court ordered Gaines=s will admitted to
probate, but it determined Davis was not suitable to serve as the independent
executor.  Instead, the trial court determined it was advisable and in the best
interest of the Estate to appoint Mary Peter Cudd to serve as the independent
administrator.  The trial court also ordered Davis to turn over to the court=s registry all of
the funds Davis collected on behalf of the Estate and its beneficiaries.








In response to the trial court=s orders, Davis
filed a Motion for Rehearing, which she amended twice.  The motion was
overruled by operation of law.  On March 22, 2007, Davis filed a supersedeas
bond to stay further proceedings.  However, on that same day, Davis also filed
two authenticated unsecured claims for money with the representative of the
Estate, one for $7,500.00 and one for $1,931.59.  Cudd, as the independent
administrator of the Estate, rejected both of Davis=s claims, and on
April 24, 2007, the trial court signed orders recognizing Cudd=s rejection of the
claims.  This appeal followed.

A.      Did the
Trial Court Err in Disqualifying Davis from Serving as the Independent
Executor?

In appellants= first two issues,
they argue the trial court erred in disqualifying Davis from serving as the
independent executor because no motion to disqualify or opposition to her
appointment was pending before the trial court.[1] 
Appellants argue Green=s attorney sought to have Davis
disqualified by a sua sponte oral motion during the hearing instead of filing a
written motion with the trial court.  According to appellants, the trial court
lacked the authority to disqualify Davis on the basis of a sua sponte oral
motion.  Appellants argue these actions constituted an unfair surprise and a
denial of due process.  Appellants then assert that because the judgment is not
supported by the pleadings, it is void. 

1.       Standard
of Review








A court's ruling on a probate application is generally
reviewed under an abuse of discretion standard.  See In re Guardianship of Bayne,
171 S.W.3d 232, 235 (Tex. App.CDallas 2005, pet. denied); see, e.g.,
In re Estate of Robinson, 140 S.W.3d 801, 807 (Tex. App.CCorpus Christi
2004, pet. dism=d) (reviewing order finding person
unsuitable to serve as executor under an abuse of discretion standard); Olguin
v. Jungman, 931 S.W.2d 607, 610 (Tex. App.CSan Antonio 1996,
no writ) (reviewing order finding person unsuitable to serve as executor under
an abuse of discretion standard).  The trial court abuses its discretion if it
acts in an arbitrary or unreasonable manner without reference to any guiding
rules or principles. Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex. 2004). 
The mere fact a trial judge may decide a matter within his discretionary
authority in a different manner than an appellate judge in a similar
circumstance does not demonstrate an abuse of discretion has occurred.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985).

2.       Applicable
Law

If an independent executor named in the will comes forward
within the statutory period for probating a will, offers it for probate, and
applies for letters testamentary, the court has no discretionary power to
refuse to issue letters to the named executor unless he is a minor, an
incompetent, or otherwise disqualified under the provisions of section 78 of
the Texas Probate Code.  Alford v. Alford, 601 S.W.2d 408, 410 (Tex.
Civ. App.CHouston [14th Dist.] 1980, no writ); see Tex.
Prob. Code Ann. ' 77 (Vernon 2003) (ALetters
testamentary or of administration shall be granted to persons who are qualified
to act, in the following order:  (a) To the person named as executor in the
will of the deceased . . . .@) (emphasis added).  However, under
section 78 the court may disqualify a person from serving as an executor if the
court finds that person Aunsuitable.@  Tex. Prob. Code
Ann. ' 78(e) (Vernon
2003); see Olguin, 931 S.W.2d at 609 (holding the provision
disqualifying unsuitable persons from serving as executor applies to the
appointment of an independent executor); Alford, 601 S.W.2d at 410
(applying section 78 to qualification of an independent executor).  No
comprehensive, discrete explanation exists delineating the attributes which
make someone unsuitable.  Olguin, 931 S.W.2d at 610; see Boyles v.
Gresham, 158 Tex. 158, 161B63, 309 S.W.2d 50, 53B54 (1958) (ANeither the Model
Code nor the Texas Probate Code purports to define >unsuitable,= and we shall not
attempt here to define it.@).  The trial court has broad discretion
in determining whether an individual is Asuitable@ to serve as an
executor.  Kay v. Sandler, 704 S.W.2d 430, 433 (Tex. App.CHouston [14th
Dist.] 1985, writ ref=d n.r.e.).

 








3.       Analysis

Appellants= primary argument is the trial court
lacked the authority to disqualify Davis on the basis of a sua sponte verbal
motion by Green=s attorney.  According to appellants, this
lack of pleading constituted an unfair surprise and denial of due process. 
However, the trial court heard evidence bearing on Davis=s qualifications
without objection.  Therefore, appellants cannot complain of the insufficiency
of the pleadings for the first time on appeal.  See Formby v. Bradley,
695 S.W.2d 782, 785 (Tex. App.CTyler 1985, writ ref=d n.r.e.).  When
issues not raised by the pleadings are tried by express or implied consent of
the parties, they shall be treated in all respects as if they had been raised
in the pleadings.  Tex. R. Civ. P. 67.  The doctrine of implied consent applies
only where it appears from the record the issue was actually tried, although
not pleaded.  Johnston v. McKinney Am., Inc., 9 S.W.3d 271, 281 (Tex.
App.CHouston [14th
Dist.] 1999, pet. denied).  After the trial court heard evidence regarding the
Motion to Quash and Motion to Compel / Motion for Contempt and ruled on those
motions, it stated A[t]he court is now moving to the Amended
Application to Probate Will and for Issuance of Letters Testamentary filed by
Veronica Davis on October 16th, 2006.  In that connection, let the record
reflect that Ms. Davis is before the Court as well as Mr. Greg Donnell.@  Davis then gave
her direct examination testimony.  After Davis finished, the trial court allowed
Gregory Donnell, Green=s attorney, to cross-examine Davis. 
During this cross-examination, the trial court heard evidence bearing on Davis=s qualifications;
however, Davis did not object at any point during the hearing regarding Green=s failure to file
a written motion.  We conclude the issue of Davis=s qualification to
serve as the independent executor of the Estate was tried by consent when Davis
engaged in cross-examination and discussions with the trial court regarding her
qualifications without ever raising an objection.













Even if appellants had properly objected, we do not agree
the trial court lacked the authority to disqualify Davis without a filed motion
or opposition.  Section 178 of the Probate Code requires the court to grant
letters testamentary to the executor appointed in the will if she is not
disqualified.  See Tex. Prob. Code Ann. ' 178(a) (Vernon
2003). Also, section 78 provides a person is disqualified to serve as an
executor if the court finds her unsuitable.  Id. ' 78.  Nothing in
these two sections requires the filing of a motion or opposition to disqualify 
an applicant before the court can find a person unsuitable.[2] 
See id. '' 78, 178(a).  Essentially, the Probate
Code requires a court to issue letters testamentary to qualified applicants,
but it does not require the court to issue letters testamentary to people it
determines are disqualified.  In this case, the trial court was not required to
appoint Davis as the independent executor because, under its broad discretion,
it found Davis unsuitable.      To the extent appellants challenge the
sufficiency of the evidence supporting the trial court=s decision, we
conclude the evidence is sufficient.  Davis=s testimony at the
hearing showed Davis failed to probate the will for over three years, which the
court stated potentially cost the Estate money;[3]
Davis sought a subpoena on behalf of the Estate before seeking appointment as
the independent executor; Davis collected and distributed money from the Estate
without proper authority; and Davis considered the interests of one beneficiary
over the interests of the Estate.[4] 
Considering this evidence, we conclude the trial court did not abuse its
discretion in finding Davis unsuitable to serve as the independent executor of
the Estate.  See Spies v. Milner, 928 S.W.2d 317, 319 (Tex. App.CFort Worth 1996,
no writ) (finding the trial court did not abuse its discretion in finding
appellant unsuitable to serve as executor because the evidence showed appellant
had difficulty dealing with professionals, she was a difficult witness and
changed her answers when pressured, she admitted taking money out of the
decedent=s account while
the decedent was still alive, and she did not get along with the other
relatives involved in the probate proceeding).  We overrule appellants= first two issues.

B.      Did the
Trial Court Err in Requiring Davis to Turn Over Funds to the Court=s Registry?

In their third
issue, appellants argue the trial court, which is a county court, lacked
jurisdiction to make rulings regarding any trust matters.  According to
appellants, the trial court erred in ordering Davis to place the funds in the
registry of the county court because all matters pertaining to trust assets and
property should be determined by the district court.[5] 
    1.          Analysis








During the hearing, Davis admitted to collecting and
distributing funds on behalf of the Estate and its beneficiaries even though
she had not been appointed as the independent executor.  According to Davis,
she maintained a client trust account which she used to collect and distribute
the funds.  Davis told the trial court she felt she had a duty to protect the
funds from mismanagement and misappropriation by Green, the appointed trustee. 
After hearing this evidence, the trial court, sua sponte, ordered Davis to turn
over the assets to the county clerk of Brazoria County.  In the order, the
trial court stated Davis shall turn over Aall funds
collected by Veronica Davis by or on behalf of this Estate or the beneficiaries
of this Estate and currently held in the Trust Account of Veronica Davis.@

Appellants claim the trial court erred because section
115.001 of the Texas Property Code grants exclusive jurisdiction to the
district court for all proceedings concerning trusts.  See Tex. Prop.
Code Ann. ' 115.001 (Vernon 2007), amended by Tex. Prop.
Code Ann.' 115.001 (Vernon Supp. 2007).[6] 
However, this case was not a proceeding concerning trusts.  The proceeding and
decision of the trial court dealt with the administration of the Estate. 
Appellants have confused estate assets with trust assets.  Here, the trial
court ordered all estate assets collected by Davis on behalf of the Estate and
its beneficiaries turned over to the county clerk.  The county court, in this
case, had jurisdiction to hear all applications, petitions, and motions
regarding probate and administration.  Tex. Prob. Code Ann. ' 5(c) (Vernon
Supp. 2007).  Under this jurisdiction, the county court had the power to Ahear all matters
incident to an estate.@  Id. ' 5(f).  Matters Aincident to an
estate@ include Aall matters
relating to the settlement, partition, and distribution of an estate.@  Id. ' 5A(a) (Vernon
Supp. 2007).  We conclude the county court had jurisdiction to order Davis to
turn over the Estate assets she was improperly maintaining under its power to
hear all matters incident to an estate.  See id. '' 5(c), (f),
5A(a).  Accordingly, we overrule appellants= third issue.   

C.      Did the
Trial Court Err in Denying Davis=s Motion to Compel
/ Motion for Contempt?








We construe appellants= fourth and fifth
issues as challenges to the trial court=s order denying
Davis=s Motion to Compel
/ Motion for Contempt.  Davis=s motion sought to compel the Bank to
produce records for bank accounts held in the name of Green and his wife for
the benefit of the three Gaines children.  The trial court denied Davis=s motion, finding
Davis issued the subpoena on behalf of the Gaines children without having first
qualified as the independent executor of the Estate and finding Davis failed to
comply with section 59.006(b) of the Finance Code.     

1.       Was Davis
Allowed to Seek a Subpoena Without First Being Appointed the Independent
Executor of the Estate?

In their fourth issue, appellants argue the trial court
erred in determining Davis was without authority to seek the subpoena. 
According to appellants, Davis sought the subpoena as Gelene Gaines=s lawyer and not
as the executor of the Estate.  Appellants argue Gelene was an Ainterested person@ and entitled to
legal representation.  Appellants contend Gelene retained Davis to represent
her in the probate matter and in matters incident to the Estate; therefore,
Davis was entitled to seek the subpoena.

a.       Standard
of Review

We review the trial court's rulings on discovery matters
for an abuse of discretion.  See In re CSX Corp., 124 S.W.3d 149, 152
(Tex. 2003).  The trial court abuses its discretion if it acts in an arbitrary
or unreasonable manner without reference to any guiding rules or principles. Cire,
134 S.W.3d at 838B39.

b.       Analysis








The burden is on appellants to present
a record sufficient to demonstrate an
abuse of discretion. Tex. R. App. P. 50(d); Wheelis v.
First City, Tex.-Ne., 853 S.W.2d 81, 82 (Tex. App.CHouston [14th
Dist.] 1993, writ denied).  Appellants failed to carry their burden.  Nothing
in the record supports appellants= argument that
Davis was acting as Gelene=s lawyer instead of as the executor of the
Estate when she obtained the subpoena.  There is no evidence in the record
indicating Gelene hired Davis.  Appellants argue that, under Texas Rule of
Civil Procedure 8, upon signing the initial pleading, an attorney is the
attorney in charge, unless another attorney is designated therein.  Tex. R.
Civ. P. 8.  While this may be true, Davis=s signature on the
Application to Probate the Will and for Issuance of Letters Testamentary fails
to prove she was acting as Gelene=s lawyer. 
Furthermore, the trial court filed the subpoena under the same cause number as
the Application to Probate the Will and for Issuance of Letters Testamentary. 
Without evidence to prove otherwise, appellants fail to demonstrate the trial
court abused its discretion when it found Davis did not have authority to issue
the subpoena and denied Davis=s Motion to Compel / Motion for Contempt.[7] 
See Wheelis, 853 S.W.2d at 82 (holding appellants failed to meet burden
of presenting a record sufficient to demonstrate an abuse of discretion). 
Accordingly, we conclude the trial court did not abuse its discretion.  We
overrule appellants= fourth issue.

2.       Did Davis
Properly Comply with Section 59.006 of the Finance Code? [8]

In their fifth issue, appellants argue Green is not the true
Bank customer in this case, therefore, Davis was not required to give him
notice under section 59.006(b) of the Finance Code.  Appellants argue the more
relevant issue is who owns the funds in the account, not who owns the account
itself.  According to appellants, either the federal government or the Gaines
children own the funds in the account; therefore, the trial court abused its
discretion in determining notice and consent was required.  Further, appellants
argue the trial court abused its discretion in failing to examine the records
in camera, as requested.[9]

a.       Analysis








Having determined the trial court did not abuse its
discretion in denying the Motion to Compel / Motion for Contempt based on Davis=s lack of
authority to seek the subpoena, we need not address whether Davis properly
complied with the Finance Code or whether the trial court abused its discretion
in failing to examine the records in camera.  See Tex. R. App. P. 47.1. 
We overrule appellants= fifth issue.

D.      Was the
Bank Entitled to Attorney=s Fees?

In their sixth issue, appellants argue the trial court
abused its discretion in awarding the Bank attorney=s fees because the
Bank failed to request attorney=s fees in its response to appellant=s Motion to Compel
/ Motion for Contempt.  Appellants allege the Bank=s failure to plead
for attorney=s fees renders the award void because the judgment is
not supported by the pleadings.  Appellants also argue the trial court abused
its discretion in making Davis personally liable for the attorney=s fees.

1.       Analysis

A judgment must be supported by the pleadings and, if not
so supported, it is void.  City of Fort Worth v. Gause, 129 Tex. 25, 29,
101 S.W.2d 221, 223 (1937).  A party may not be granted relief in the absence
of pleadings to support that relief.  Stoner v. Thompson, 578 S.W.2d
679, 682B83 (Tex. 1979).  A
judgment, absent issues tried by consent, must conform to the pleadings.  Tex.
R. Civ. P. 301; State v. Estate of Brown, 802 S.W.2d 898, 900 (Tex. App.CSan Antonio 1991,
no writ).  Absent a mandatory statute, a trial court=s jurisdiction to
render a judgment for attorney=s fees must be invoked by pleadings, and a
judgment not supported by pleadings requesting an award of attorney=s fees is a
nullity.  Estate of Brown, 802 S.W.2d at 900.








In this case, the trial court=s order denying
Davis=s Motion to Compel
/ Motion for Contempt also included an award to the Bank for its reasonable and
necessary attorney=s fees and research charges.  The Bank,
however, did not request attorney=s fees in its
response to Davis=s motion.  Instead, the Bank orally
announced during the hearing it was requesting attorney=s fees.  The Bank
could not provide the amount of fees it was seeking during the hearing, but it
informed the trial court it would send the necessary information to all of the
parties later that day.  The trial court then orally announced it was granting
the Bank its attorney=s fees.  The trial court also stated Davis
was to be held personally liable for the fees.  The next day, the Bank filed an
affidavit in support of its request for attorney=s fees.

The Bank argues appellants waived this issue because Davis
did not object during the hearing or otherwise respond to the order; therefore,
they cannot raise it for the first time on appeal.  However, in their Motion
for Rehearing, appellants argued the award was improper due to a lack of
pleading.  Thus, appellants have properly preserved this issue for appeal.  The
Bank also argues the award was proper under Texas Rules of Civil Procedure 13
and 215.2(b)(8).  We disagree with this argument as well.  Both rules cited by
the Bank provide a method in which the trial court can impose sanctions on an
attorney.  See Tex. R. Civ. P. 13, 215.2(b)(8).  In this case, the trial
court=s order does not
mention either of these rules, nor does it state it is imposing sanctions on
Davis.  Instead, the order states it is awarding the Bank its Areasonable and
necessary attorney=s fees and research charges, pursuant to
Texas Finance Code, Section [59.006(b)(2)].@  Additionally,
both rule 13 and 215.2(b)(8) allow for the imposition of sanctions Aafter notice and a
hearing.@  Tex. R. Civ. P.
13, 215.2(b)(8).  Davis never received notice or a hearing on the possibility
of sanctions, therefore, the Bank cannot rely on these rules as support for the
award.

Because the Bank failed to invoke the trial court=s jurisdiction to
render a judgment for attorney=s fees by failing to plead the issue, we
hold the judgment of the trial court insofar as it awarded attorney=s fees to the Bank
is void.  Since we reverse the judgment of the trial court on the grounds that
there are no pleadings to support the award of attorney=s fees, we need
not consider appellants= argument that the trial court erred in
holding Davis personally liable.  See Tex. R. App. P. 47.1.  Appellants= sixth issue is
sustained.  








E.      Were the
Attorney=s Fees Excessive?

In their seventh issue, appellants argue that, if we
determine the award of attorney=s fees was not void, the award was
excessive and, therefore, constituted an abuse of discretion.  Since we reverse
the award of attorney=s fees, we need not consider appellants= seventh issue.  See
id. 

F.       Did the Independent Administrator and
the Trial Court Err in Denying Davis=s
Claims Against the Estate?

In their eighth issue,
appellants argue Cudd and the trial court lacked the authority to reject Davis=s
claims against the Estate.  According to appellants, the rejection of Davis=s
claims contravenes section 243 of the Probate Code.  See Tex. Prob. Code
Ann. ' 243 (Vernon 2003).[10]  

1.       Analysis

On March 22, 2007, Davis filed
two authenticated unsecured claims for money with Cudd requesting payment. 
Davis claimed the Estate owed her $7,500 for legal work she performed both
before and after Gaines died and $1,931.59 for repairs and maintenance
performed on Gaines=s house before Gaines
died.  On April 23, 2007, Cudd filed a memorandum with the trial court
rejecting both of Davis=s claims.  The
following day, the trial court entered two orders recognizing Cudd=s
disallowance.  Appellants now attempt to appeal from these orders entered by
the trial court.








When a person has a claim for
money against an estate, the Probate Code sets out the  steps to be taken in
order to collect.  Under section 314, a person who has a claim for money
against an estate must first present that claim to the representative of the
estate.[11]  Id.
' 314 (Vernon 2003).  The representative has thirty days
after the claim is presented to reject or accept it.  Id. ' 309 (Vernon 2003).  If the representative fails to timely
accept or reject the claim, the claim is considered rejected.  Id. ' 310 (Vernon 2003).  When a claim is rejected, the claimant
must file suit in the court of original probate jurisdiction within ninety days
of the rejection, or the claim shall be barred.  Id. ' 313 (Vernon 2003).  In this case, Davis presented her
claims for money to the representative, which were rejected.  However, after
reviewing the record, it appears Davis failed to file suit in the court of
original probate jurisdiction after the rejection of her claims as required by
section 313.[12]  See id. 
Instead, appellants are attempting to appeal from the orders signed by the
trial court recognizing Cudd=s
rejection of Davis=s
claims.








For a judgment to be a final, appealable
judgment in a probate proceeding, it is not necessary that the judgment fully
and finally dispose of the entire probate proceeding.  Crowson v. Wakeham,
897 S.W.2d 779, 781 (Tex. 1995).  Nevertheless, the judgment Amust be one which finally disposes of and is conclusive of
the issue or controverted question for which that particular part of the
proceeding is brought.@  Id. 
In this case, the orders appellants attempt to appeal from are merely the trial
court=s recognition of Cudd=s
rejection of the claims.  The Probate Code provided Davis further recourse
after the rejection of her claims by Cudd.  See Tex. Prob. Code Ann. ' 313.  Therefore, the orders did not finally dispose of and
were not conclusive on the controverted issue; instead, they merely informed
Davis of the rejection and put her on notice that she had ninety days to file
suit.  See id.; Crowson, 897 S.W.2d at 781. Thus, the orders were
interlocutory, and thus we lack jurisdiction over this portion of the appeal.[13] 
See Crowson, 897 S.W.2d at 783.

Conclusion

Having
considered all of appellants= issues, we affirm the trial court=s order disqualifying
Davis from serving as the independent executor of the Estate; we affirm the
trial court=s ancillary order requiring Davis to turn over estate funds to the
court=s registry; and we affirm the trial court=s order denying Davis=s Motion to Compel /
Motion for Contempt.  We reverse that portion of the trial court=s order awarding the
Bank attorney=s fees, and we render judgment the Bank take nothing.  Further, we
dismiss for want of jurisdiction the appellants= interlocutory appeal
from the trial court=s orders recognizing the representative=s rejection of Davis=s claims against the
Estate.

 

 

 

 

/s/      John S. Anderson

Justice

 

Judgment rendered and
Opinion filed July 1, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.









[1]  Appellants=
first issue asks whether the trial court can disqualify Davis without an
opposing motion pending before it.  Their second issue asks whether the trial
court can disqualify Davis in order to circumvent no opposition being filed. 
We conclude these two issues both challenge the trial court=s ability to disqualify Davis as the independent
executor without a written motion seeking such relief; therefore, we will
address the two issues together. 





[2]  Appellants argue section 10 of the Probate Code requires
any opposition to Davis=s appointment as an executor to be in writing and
filed with the court.  We disagree.  Section 10 provides A[a]ny person interested in an estate may at any
time before any issue . . . file opposition.@ 
Tex. Prob. Code Ann. ' 10 (Vernon 2003) (emphasis added).  This section
neither requires an opposition to be filed nor limits the trial court=s discretion to determine an applicant=s suitability.  Appellants also cite  In re Estate
of Robinson, 140 S.W.3d 801 (Tex. App.CCorpus
Christi 2004, pet. dism=d), and argue when an applicant is among those named
in the Probate Code as a person entitled to priority, the party opposing the
appointment bears the burden of establishing the applicant=s disqualifications.  However, determining which party
bears the burden of proof is not the same issue as whether or not a party
opponent must file a written opposition with the trial court.  Appellants have
failed to cite any cases or statutes which require the filing of a written
motion or opposition before the trial court can determine whether an applicant
is qualified to serve as an executor.





[3]  The trial court stated that had Davis probated the
will earlier, the trial court could have seen to it the children=s money was properly invested through the trustee in a
proper account.





[4]  Davis testified one of the reasons she did not
probate the will earlier was because Gelene, one of the beneficiaries,
requested Davis delay probating the will.  The trial court stated Davis acted
improperly because she followed the desires of a beneficiary over the desires
of Gaines, as expressed in her will.





[5]  Under this issue, appellants also argue the trial
court ignored the fact Davis was to manage these particular funds rather than
Green, and they argue the transcript inaccurately reflects what was said during
the hearing.  Because appellants failed to raise these objections with the
trial court and failed to present these arguments in their Motion for
Rehearing, they have not preserved error.  See Tex. R. App. P. 33.1(a). 
We address appellants= jurisdictional complaint because
questions of jurisdiction cannot be waived and may be raised for the first time
on appeal. Prairie View A & M Univ. v. Brooks, 180 S.W.3d 694, 702
(Tex. App.CHouston [14th Dist.] 2005, no
pet.).





[6]  The amended version of section 115.001, found in the
2007 supplement, became effective after this suit was filed; therefore, it is
not applicable to this case.





[7]  We also find appellants= argument that Davis was acting as Gelene=s lawyer, while also having filed an application to be
appointed the independent executor of the Estate, could potentially lead to
serious conflicts of interest. 





[8]  Appellants=
heading for their fifth issue states AWhether
Green has a Right to Fail to Disclose the Banking Information,@ but their argument really centers around whether
Davis properly complied with the Finance Code and whether the trial court erred
in denying Davis=s motion.





[9]  Appellants also cite to the portion of the statute
that states this section Adoes not create a right of privacy in a record.@  Tex. Fin. Code Ann. ' 59.006(a).  While appellants correctly cite this portion of the
statute, we fail to see how it affects the trial court=s decision.  Whether or not Green has a right of
privacy in the records is irrelevant to whether or not Davis properly followed
the notice requirements in the statute.





[10]  Appellants argue in the alternative that the filing
of the supersedeas bond stayed all proceedings; therefore, all matters filed
and orders entered after the posting of the bond should be set aside and
vacated.  However, we conclude appellants waived this argument because Davis is
the one who filed the claims against the Estate despite the supersedeas bond.





[11]  ARepresentative@ is defined as an Aexecutor,
independent executor, administrator, independent administrator, temporary
administrator, together with their successors.  The inclusion of independent
executors herein shall not be held to subject such representatives to control
of the courts in probate matters with respect to settlement of estates except
as expressly provided by law.@  Tex. Prob.
Code Ann. ' 3(aa) (Vernon 2003).  Despite the fact an independent
executor falls within the definition of representative, the Texas Supreme Court
held sections 309, 310, and 313 are not applicable to an independent executor;
however, in this case, the court determined a necessity existed for the
administration of the estate and appointed Cudd as the independent administrator. 
See Bunting v. Pearson, 430 S.W.2d 470, 473 (Tex. 1968) (holding the
sections are not applicable to an independent executor) (emphasis
added). Therefore, we find the procedural requirements in sections 309, 310,
and 313 are still applicable to an independent administrator. 





[12]  To file suit, as required by section 313, the
claimant must file a pleading alleging the presentation of the claim and
rejection of such claim and show the suit was filed within the ninety-day time
period.  Jaye v. Wheat, 130 S.W.2d 1081, 1084 (Tex. Civ. App.CEastland 1939, no writ).  There is no evidence in the
record Davis filed a proper pleading with the trial court.    





[13]  We must inquire into our own
jurisdiction, even if it is necessary
to do so sua sponte.  George v. Phillips Petroleum Co., 976 S.W.2d
363, 364 (Tex. App.CHouston [14th Dist.] 1998, no
pet.).